[Criminal No. 345.   Filed December 30, 1913.]

[137 Pac. 550.]

## THOMAS RAIN, Appellant, v. STATE, Respondent.

1. INDICTMENT AND INFORMATION—ELEMENTS OF OFFENSE—STATUTORY PROVISIONS—"ENTER."—Under Penal Code of 1901, sections 418, 422, making every person entering any dwelling-house, etc., with intent to commit any felony, guilty of burglary, and defining the word "enter" to include the entrance of the offender, or the insertion therein of any part of his body, or any instrument used, burglary is properly charged by a mere averment of a burglarious entry, and it is not necessary to charge a burglarious breaking.

[As to what constitutes burglary, see note in 2 Am. St. Rep. 383.]

2. BURGLARY — INFORMATION — INSTRUCTIONS.—Where the information charged a burglarious entry only, an instruction that to support a conviction the state must establish that accused broke into the building in question, or aided or abetted others in doing so, was properly refused.

3. CRIMINAL LAW — INSTRUCTIONS — REQUESTS — SUFFICIENCY.—Under Civil Code of 1901, paragraph 1409, directing that instructions shall be given or refused as asked, and Penal Code of 1901, section 955, providing that instructions in criminal cases shall be controlled by the law governing trial in civil cases, the court may refuse an instruction in toto as asked, where it contains both an erroneous statement of the law and a correct proposition, and it need not select the correct proposition and give that as requested.

4. CRIMINAL LAW — EVIDENCE—ACCOMPLICES — INSTRUCTIONS.—An instruction that a conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence which, in itself, tends to connect accused with the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof, and that, before a conviction can be had, the jury must believe beyond a reasonable doubt that the corroborating testimony, in itself and without the aid of the testimony of the accomplice, tends to connect accused with the commission of the crime, otherwise accused must be acquitted, sufficiently charges on corroborative testimony.

[As to corroboration of testimony of accomplices, see notes in 71 Am. Dec. 671; 98 Am. St. Rep. 158.]

5. CRIMINAL LAW—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY CHARGE GIVEN.—Where the court charged that a conviction could not be had on the testimony of an accomplice unless he was

corroborated by other evidence which, in itself, tended to connect accused with the commission of the crime, the refusal to charge that there could be no conviction on the testimony of accomplices alone, however many there might be, if uncorroborated, was not erroneous.

6. CRIMINAL LAW—TESTIMONY OF ACCOMPLICES—CORROBORATION—INSTRUCTIONS.—Under Penal Code of 1901, section 938, declaring that a conviction cannot be had on the testimony of an accomplice only, unless he is corroborated by other evidence which, in itself, tends to connect accused with the commission of the crime, an 'instruction that if the jury believe that "the material facts necessary to be proven by the state under this information, necessary for a conviction, have been testified to only by the accomplices, and . . . said testimony has not been corroborated by evidence outside of their testimony," accused must be acquitted was properly refused.

7. CRIMINAL LAW—INSTRUCTIONS—REFUSAL OF INSTRUCTIONS COVERED BY CHARGE GIVEN.—It is not error to refuse a requested charge covered by the charge given.

8. CRIMINAL LAW—TESTIMONY OF ACCOMPLICES—CORROBORATION—INSTRUCTIONS—SUFFICIENCY.—Where the court repeatedly charged that the jury must be satisfied of the guilt of accused beyond a reasonable doubt, an instruction that evidence outside of that of the accomplices would not be sufficient if it merely corroborated the fact that a crime had been committed, but must tend to connect accused with the crime, though it need not be sufficient to prove beyond a reasonable doubt that accused was guilty, was not objectionable as taking from the jury the question of reasonable doubt on all the evidence outside fhat of accomplices.

9. CRIMINAL LAW—FAILURE TO DIRECT ACQUITTAL—WAIVER.—The error, if any, in overruling a motion for acquittal made at the close of the state's case is waived by accused proceeding with the trial, and introducing evidence which, if curing defects or omissions in the state's case, must be considered in determining the guilt of accused.

10. CRIMINAL LAW—APPEAL—ORDER OF PROOF—DISCRETION OF COURT.—The order in which evidence shall be received is discretionary with the trial court, and its rulings will not be reviewed, except in case of abuse.

11. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.—On a trial for burglary, the goods stolen are admissible in evidence, in connection with the testimony of the officers and the prosecuting witness, as showing the purpose with which the entry was made, regardless whether accused, or third persons jointly charged, made the entry.

12. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.—Where the date of the arrest of accused was a contested question, because of the defense of *alibi,* the admission in evidence of the warrant under which accused was arrested, for the sole purpose of proving the date, was not erroneous.

13. CRIMINAL LAW—SEPARATION OF JURY—NEW TRIAL.—That a juror unaccompanied by a bailiff was permitted, without leave of court, to separate from the jury after their retirement to deliberate on the verdict is not ground for new trial, unless prejudice to accused resulted therefrom, or the evidence reasonably warrants the inference of prejudice.

[As to effect of separation of jury, see note in 103 Am. St. Rep. 155.]

14. CRIMINAL LAW—TRIAL—DELIBERATIONS OF JURY.—A verdict will not be set aside because the janitor and his assistants entered the jury-room to replenish the supply of ice water during the jury's deliberations on the verdict, and conversed with the jury, in the absence of evidence disclosing dishonesty and corruption influencing the verdict, and accused, seeking to have it set aside on that ground, has the burden of proving that fact.

15. BURGLARY—EVIDENCE—CORROBORATIVE EVIDENCE.—Evidence of accused's possession of goods, stolen at the time of a burglary, is admissible on a trial therefor to connect accused with the offense, provided the goods are under his control, but the mere fact that he resided with his family in a house near the place where the stolen goods were stored is inadmissible, unless he had some dominion over the place.

16. CRIMINAL LAW—TESTIMONY OF ACCOMPLICES—CORROBORATION.—The testimony of the mother of a third person, jointly charged with defendant with crime, that after defendant was released from jail he requested her to tell her son to say that defendant was not present was admissible to corroborate the testimony of the son, testifying for the state, since the jury may infer that the request of defendant was made because of his guilt.

17. CRIMINAL LAW—TESTIMONY OF ACCOMPLICES—CORROBORATION.—A witness who only testified that defendant and two persons, jointly charged with him with burglary, were present with the witness, and that defendant stated that he knew where a person lived who had good clothes and a valise, and that they had better go to get them; that defendant and the two departed, and later returned with a valise and contents consisting of articles identified as those stolen at the time of the burglary—was not an accomplice, and her testimony need not be corroborated.

18. CRIMINAL LAW—APPEAL—VERDICT—CONCLUSIVENESS.—The jury are the exclusive judges of the credibility of the witnesses and the weight of the evidence, and a verdict sustained by evidence will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Affirmed.

The facts are stated in the opinion.

Mr. James E. Nelson and Mr. David L. Bishop, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for Appellee.

CUNNINGHAM, J.—The defendant was convicted of the crime of burglary of the first degree, and appeals. The information charging the offense is as follows: ''That on or about the fifteenth day of February, 1913, and before the filing of this information, at the county of Maricopa, state of Arizona, the said Francisco Diaz, Conrado Bustamante, and Thomas Rain did then and there willfully, unlawfully, feloniously, and burglariously enter the room, apartment, and tenement of one Frank Pascale, there situate, with the intent then and there and therein to commit the crime of larceny, contrary,'' etc. The codefendants pleaded guilty. This appellant entered his plea of not guilty, and upon a trial he was convicted. The appellant complains of error committed in refusing instructions requested, in modifying and giving as modified an instruction requested, in giving a voluntary instruction, in denying a motion to instruct the jury to acquit at the close of the state's evidence in chief, in the receipt in evidence of the exhibits, in permitting the introduction in evidence of the warrant of arrest, and in refusing a new trial because the jury was separated without leave of the court, after retiring to deliberate upon their verdict, and because one juror was separated from the other jurors and not accompanied by a bailiff, and because one not a member of the jury, and not a bailiff in charge of the jury, conversed with the jury in the jury-room in the absence of any bailiff, after they had retired to deliberate upon their verdict, and because the verdict is contrary to the law and the evidence.

The instructions asked, but refused in whole or in part, were numbered, and in considering them we will refer, for convenience, to their numbers. Instruction No. 2, the refusal of which is assigned as error, requests the court to inform the jury that the information charges that the defendant did ''. . . willfully, feloniously, burglariously, and forcibly break

and enter into" the room; while the information actually
charges that this defendant and his codefendants Bustamante
and Diaz did ". . . willfully, unlawfully, feloniously, and
burglariously enter the room." A charge that one "breaks
and enters" is a materially different charge from one that he
"entered the room." The request further informs the jury
". . . that if there is a reasonable doubt as to whether the
defendant did so break into said room, . . . or aided or
abetted in breaking into said room, . . . the jury cannot con-
vict the defendant upon said information." If the law re-
quired a "breaking and entry" to be charged in the informa-
tion in order to constitute burglary, that part of the requested
instruction would be correct; but the law does not so define
burglary, nor require such to be charged, nor require such to
be established by proof in order to convict. Section 418,
Penal Code of Arizona of 1901, defines burglary as follows:
"Every person who enters any dwelling-house, office, room,
apartment, tenement, shop, warehouse, store, saloon, mill,
barn, stable, tent, vessel or railroad car with intent to commit
grand or petit larceny or any felony; and every person who
enters any outhouse or other building not above enumerated,
with intent to commit any felony, is guilty of burglary." The
word "enter" is construed by section 422 as used in the pre-
ceding paragraph to include an entrance of the offender into
such ". . . room . . . or the insertion therein of any part of
his body, or of any instrument or weapon held in his hand,
or used or intended to be used to threaten or intimidate. . . ."
Burglary is properly charged, under our statute defining that
crime, by averring a burglarious entry. It is not necessary
to charge a burglarious breaking. The information charges a
burglarious entry, and the prosecution was only required to
establish such entry. The instruction requested the court to
charge the jury that the state was required to establish, be-
yond a reasonable doubt, that the defendant broke into the
room, or aided or abetted others in breaking into the room,
before they can convict. No such burden was on the state,
and no error was committed in refusing such instruction.

Interwoven in the body of the request appears this proposi-
tion: "The court instructs the jury that the mere fact that
the prosecuting attorney has filed an information against the

accused does not raise any presumption that the accused has
been guilty of any crime." This, of course, is a correct state-
ment of the law; when properly requested, it is the duty of
the trial court to so instruct the jury, but this proposition fol-
lows the above-mentioned erroneous statement of the charge
in the information, and in turn is followed by the erroneous
request that no conviction can be had unless the erroneous
charge is established by the legal measure of proof, and this
correct instruction could not be given, unless the said improper
matters were eliminated—unless the instruction as asked
should be modified by eliminating the erroneous statements.
Section 955, Penal Code of Arizona of 1901, directs that in-
structions in trials of criminal cases shall be controlled by the
law applicable to trials in civil cases. Paragraph 1409, Civil
Code of Arizona of 1901, directs that the instruction shall
be given or refused as the same is asked. The court was
therefore justified in refusing the instruction *in toto* as asked,
for the reason it contained the erroneous propositions of law,
and the court cannot be held in error because correct state-
ments of the law were likewise interwoven with erroneous
statements in the request as asked. This rule applies to other
statements contained in the same request, but they need not
be further mentioned. They are not sufficiently segregated
in the request to entitle them to be considered independent of
the erroneous matter.

Request No. 3 was modified by striking certain words, and
given as thus modified. Appellant complains of this action of
the court. The instruction as asked is as follows: "The court
instructs the jury that the law of the state of Arizona pro-
vides that 'a conviction cannot be had on the testimony of an
accomplice unless he is corroborated by other evidence which
in itself and without the aid of the testimony of the accom-
plice tends to connect the defendant with the commission of
the offense; and the corroboration is not sufficient if it merely
shows the commission of the offense or the circumstances
thereof,' *and in this case the state relies upon the evidence of
accomplices and the corroboration of their testimony for a
conviction, and,* before a conviction can be had, the jury must
believe beyond a reasonable doubt that the corroborating testi-
mony in itself, and without the aid of the testimony of the
accomplice or accomplices, tends to connect the defendant with

the commission of the offense, and if such testimony does not satisfy your minds or the mind of each of you beyond a reasonable doubt, then you should acquit the defendant." The words italicized were stricken, and the charge given omitting such words. Appellant contends that the instruction omitting these words left the jury to speculate as to whether certain evidence in the case was intended to corroborate the evidence of accomplices, or to establish the fact that a crime had been committed. This contention is untenable. The instruction as a whole informs the jury of the correct rule to be observed in the consideration of the evidence and of the sufficiency of the evidence upon which a conviction can be based. The words stricken added nothing to the sense of the instruction, and, omitted, the instruction still correctly states the same rule to be observed. No prejudice could result to appellant from striking out words which, if allowed to remain in the instruction, would not have changed the rule to be observed in arriving at a verdict.

The court refused instruction No. 5, which is as follows: "The court instructs the jury that mere associating of the defendant with the accomplice or accomplices prior to the commission of the offense charged is not a sufficient corroboration to connect the defendant with the commission of the crime. The court further instructs the jury that there can be no conviction of the defendant upon the testimony of accomplices alone, however many there may be, if uncorroborated." The appellant contends that this instruction contains two propositions of law: First, the mere associating of defendant with the accomplices before the crime is not a sufficient corroboration of the evidence of accomplices to connect him with the crime charged in the information; and, second, that no conviction can be had upon the uncorroborated testimony of accomplices, and that the testimony of one accomplice is not sufficient to corroborate that of another accomplice. Instruction in No. 3, above discussed, fully covers the last proposition contained in this request, and the first is sufficiently covered in the other instructions given.

By request No. 7 the court was asked to instruct that, if the jury ". . . further believe that the material facts necessary to be proven by the state under this information, necessary for a conviction, have been testified to only by the . . . accomplices,

and you still further believe that said testimony has not been corroborated by evidence outside of their testimony, then in that event you should acquit the defendant.'' The vice of this request is that it instructs the jury that the law requires the testimony of the accomplices, upon material facts to be proven by the state, under the information, necessary to a conviction to be corroborated by outside evidence before they convict. Such is not the law. Sec. 938, Ariz. Pen. Code 1901.

Request No. 9 was refused, of which complaint is made. The propositions contained in this request were covered sufficiently in the charge of the court, and no error resulted from a refusal of the court to instruct again upon the same propositions.

The appellant complains of the following voluntary instruction given by the court: ''The evidence outside of the evidence of accomplices would not be sufficient if it merely corroborates the fact that a crime was committed, or the circumstances connected with the commission of the crime. But it must tend to connect defendant with the crime. However, it need not be sufficient to prove to you beyond a reasonable doubt that he is guilty.'' The complaint is made that this instruction took away the question of reasonable doubt from all of the evidence outside of the evidence of the accomplices, and was misleading and unfair to the defendant. The instruction is subject to criticism, but, read in connection with all of the instructions given, we do not think it sufficient to warrant a reversal of the case. The court repeatedly informed the jury that they must be satisfied of the guilt of the defendant from the evidence beyond a reasonable doubt before they could convict him, and this instruction, though unhappily worded, charges the jury that the corroborating evidence tending to connect the defendant with the commission of the crime must so connect him, but need not of itself be sufficient to convict him, and that it need not also be sufficient to establish all the facts necessary to a conviction, but that there must be some evidence which of itself, and without the aid of the accomplices' testimony, tends to connect the defendant with the offense committed. The law governing the corroboration of an accomplice's testimony is well con-

sidered in *Nichols* v. *State,* 10 Okl. Cr. 12, 133 Pac. 256, under a statute similar to our own.

The appellant complains that the court should have granted his motion, and should have instructed the jury to acquit when the state rested its case in chief, for the reason the state had failed, when it rested its case in chief, to produce evidence sufficient to support a conviction. The appellant waived that error, if any, when he proceeded with the trial, after the motion was denied. In order to preserve the right to have such order reviewed, he should stand upon his motion. ·Having voluntarily proceeded with the trial of the case, during the course of such proceeding other evidence was received; we must consider the whole case regardless of the state of the case when the prosecution rested. If other evidence was offered by the state thereafter, which would cure the defects or omissions, if any, appearing in the state's case in chief, we must consider that such evidence was received for that purpose, although received out of its logical order. The order in which the trial court receives evidence is discretionary, and will not be reviewed, except where it clearly appears such discretion has been abused, which does not here appear.

No merit appears in the complaint that the court erred in receiving in evidence the exhibits, they being property stolen at the time of the burglary, because defendant was not connected with such exhibits. The exhibits were clearly entitled to be received in connection with the evidence given by the officers, and also in connection with the evidence given by the party whose room was entered, as showing the purpose or intent with which the entry was made, regardless of who made the entry.

The date of the arrest became a closely contested question on the trial. The defense was based upon the theory of an *alibi,* and on that theory the defendant was interested in definitely fixing all dates involved. The prosecution was depending in a measure upon certain statements of the defendant made after the arrest, tending to connect him with the commission of the crime. The warrant was introduced to prove the date of the arrest, and the offer was limited to that one fact. Defendant did not remember the date on which he was arrested. The jury could not have been misled by the introduction of the warrant, under the clear statements of

the county attorney of the purpose for which it was offered and the statement of the court that it would be received for that purpose.

The appellant complains that he is prejudiced by reason of the jury being permitted to separate without leave of the court, after retiring to deliberate upon their verdict. Otherwise stated, that one of the jurors was permitted to separate from the jury, not accompanied by a bailiff. This question was before the court in *Young Chung* v. *State, ante,* p. 79, 136 Pac. 631, just decided, where we considered the question fully, and held that it must appear from the evidence offered in its support that prejudice has resulted to the defendant, or the evidence must be such as to reasonably warrant the inference of prejudice to the defendant. We adhere to that rule. In this case the state offered evidence tending to show that the juror simply used the telephone to communicate to his family the fact that he was held with the jury overnight, and perhaps to speak of other private affairs. There was some evidence to the effect that a bailiff was with the juror at that time. The evidence of one of the attorneys for the appellant conflicts with the evidence of the bailiff upon that point. But the attorney did not call the fact of separation to the attention of the court until after the verdict was returned. No evidence appears that any mention whatever was made of this case during the separation, if such facts show a separation at all, and no prejudice to appellant can be reasonably inferred from the facts shown.

The appellant insists that the verdict of the jury should be set aside because the janitor and his assistants entered the jury-room while it was occupied by the jury for the purpose of replenishing the supply of ice water, and conversed with the jury. This is without merit. Modern times have recognized jurors as sufficiently honest and regardful of the obligations of their oaths so that, if anyone charges dishonesty and corruption has influenced their verdict, the burden is on such person making such charge to produce evidence supporting it, either directly and expressly, or by fair, reasonable inference that such verdict is so tainted. Such evidence is absent from this record.

Appellant contends that the verdict was contrary to the law and the evidence, because the prosecution offered no credible

evidence corroborating the testimony of the accomplices which tended to connect the appellant with the commission of the crime, and that all the testimony in the case tending in the least to connect appellant with the commission of the crime is testimony of accomplices, which is not sufficient. The prosecution offered evidence tending to prove that the defendant resided at a house near the cache where the stolen goods were found. It appears from the evidence that defendant and his family resided at that house, and that the house was that of the parents of defendant's wife. The goods were stored in the dugout, and there is no evidence connecting the defendant with any control or dominion over the dugout. The codefendants do not so connect defendant. Possession of goods stolen at the time of a burglary may be given in evidence, upon the trial of the burglary charge, as a circumstance tending to connect the defendant with the commission of the offense. In so far as the stolen goods were not shown to have been in the possession of the defendant, while stored in the dugout, that fact tends in no manner to connect the defendant with the burglary. The fact that he resided with his family in a house situated near the place where the stolen goods were stored is no evidence that he was concerned in stealing them, unless he had some dominion over the place where they were stored. The dugout was locked, and he denied that he had a key to open it. He told the officers that "Cruz" had the key. There is no evidence in the record that he did have a key, and the fact that he believed or knew that "Cruz" had a key would only be evidence that he knew who had control over the place, that fact would be no evidence that he controlled the place or knew its contents. The evidence relating to the place of residence of defendant, and his knowledge of the mere existence of the dugout, standing alone, in no manner tended to connect defendant with the commission of the burglary.

The mother of Bustamante, the codefendant, testified that after defendant was released from jail he requested her to tell her son and the other codefendant Diaz to say that this defendant was not with them. Two inferences may reasonably be drawn from this evidence. One, that the defendant, realizing his equal guilt with the others, begged that they protect him from equal punishment, and in that respect the

evidence may be regarded as a statement made against interest, and therefore admissible against him; the other, that, defendant having been informed that the other boys intended to wrongfully implicate him in their crime, he wished to persuade them through the mother of one of them to desist from committing such wrong against him. Either inference is reasonable, and the statement or request was admissible in evidence, and it was for the jury to determine, from all the circumstances in evidence before them, which of the two inferences the evidence warrants. They must have considered that the request came from a guilty conscience, and was to be considered in view of the other facts and circumstances, as a tacit statement against interest, and was given weight as such. So considered, the request would be some slight corroboration of the evidence of the accomplices that the defendant was with them, aiding and abetting in the commission of the burglary.

The evidence of Cruz Lastra, the sister in law of defendant, is fiercely attacked by counsel for appellant in their brief, claiming that she was also an accomplice of Bustamante and Diaz, and for that reason required corroboration in order to justify a conviction. We fail to find anything in the record justifying such attack. The witness testified that defendants Rain, Bustamante, Diaz, and herself were present, and this defendant stated he knew where a fellow lived near the Star Lodging-house who had good clothes and a valise, and they had better go get them; that this defendant took off his coat and turned it, putting it on the inside out, and then the three departed, returning later in the evening with the valise and its contents, consisting of the articles identified as stolen at the time of the burglary. If this evidence is to be credited as true, it corroborates the evidence given by the accomplices, to the effect that they with this defendant went from the home of this defendant to the place of the burglary at his suggestion, and committed the crime, returning with the stolen goods, and stored them in the dugout, where they were later discovered by the officers, and, considered alone, tends to directly connect the defendant with the commission of the crime charged. The unexplained possession of the stolen goods is evidence directly connecting the defendant with the commission of the burglary. The evidence of the witness

Cruz does not impress one as absolutely free from doubt as to its truth and sincerity in every respect; but, as the law makes the jury the sole judges of the credibility of the witnesses and the weight to be given the evidence and the sufficiency of the evidence to establish any fact in support of which it has been offered and received in the case, we are not justified in holding that the jury has erred in giving to this evidence weight sufficient to connect the defendant with the commission of the crime charged. The verdict is not contrary to the law nor to the evidence.

After a full consideration of the entire record, we have found no reversible error committed upon the trial. The judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.