514 P.2d 1236

**STATE of Arizona, Appellee,**

v.

**Armentha Dorita RICHARDSON, Appellant.**

**No. 2463.**

Supreme Court of Arizona,
In Division.
Oct. 19, 1973.

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

O'Dowd, Fahringer & Diamos by Clay G. Diamos, Tucson, for appellant.

LOCKWOOD, Justice:

Armentha Richardson, appellant, was tried and convicted of murder in the first degree after a jury trial in Pima County. She was sentenced to life imprisonment in the Arizona State Prison. From her conviction and sentence she appeals.

The facts pertinent to this case are as follows: On May 23, 1971, officers of the Tucson Police Department were dispatched to 1802 South Park Avenue in response to a report that a shooting had just taken place. Upon arriving, the officers found the decedent, Julia Waterhouse, lying on the ground. The appellant approached the first officer and said, "I'm the one you want. She was like a sister to me, but I shot her."

A second officer arrived thereafter and explained the appellant's rights to her. Subsequently she stated that she believed the decedent wanted to kill her. She stated that she had been sitting on the passenger side of her car when the victim approached her. When the victim reached into her purse, she believed the victim was reaching for a weapon and at that point appellant shot her.

Evidence brought out during the trial established that prior to the shooting, the appellant carried a pistol with her for three days and that she had made threats on the victim's life. In addition the appellant passed out six bullets to her friends as souvenirs of the forthcoming shooting.

Testimony of eyewitnesses to the shooting established that the appellant fired the first of three shots while the victim was still in her car. The victim got out of her car and both parties circled the victim's car for approximately five minutes. The appellant then got into the car and fired the fatal shot through the open window on the driver's side. The appellant then got out of the passenger side of the car, ran around to the other side and fired a third bullet into the air.

The appellant took the witness stand in her own defense and testified that the victim had threatened to shoot her if she did not stay away from the victim's common-law husband. She further testified that she carried the gun with her for self-defense and that she was not going to let anyone pistol-whip her.

In other testimony the appellant's probation officer testified that the appellant had

called her and told her she was to tell the police to look for Julia Waterhouse in the event the appellant was murdered. It was also brought out that three days prior to the shooting, the victim had shot another individual and had been arrested for aggravated battery with a deadly weapon, and that the appellant' knew of the shooting.

The appellant raises three issues on appeal: first, that the lower court erred in refusing to admit psychiatric testimony regarding the defendant's intent at the time of the commission of the homicide; secondly that the trial court erred in permitting consideration of the death penalty; and thirdly that the trial court should not have refused to instruct the jury that a defendant is a competent witness whose testimony is to be judged in the same manner as that of any other witness.

Appellant argues that it was error for the trial court to refuse to allow psychiatric testimony which would have shown that the appellant did not have a pre-formed specific intent to commit a homicide.

The court sustained the state's objection to the introduction of such testimony as being immaterial on the basis of the fact that Arizona follows the M'Naghten Rule and only the M'Naghten Rule for determining insanity. The trial court correctly stated the law and did not err in its ruling. This court has not adopted the doctrine of diminished responsibility. In State v. Schantz, 98 Ariz. 200, 403 P.2d 521 (1965), cert. denied, 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966), we expressly rejected the doctrines of diminished or partial responsibility. Since then we have expressly reaffirmed our position as stated in Schantz, supra, in State v. Corley, 108 Ariz. 240, 495 P.2d 470 (1972). Thus we can find no merit to appellant's first contention.

The second issue raised by the appellant is whether the trial court erred in permitting the matter to be tried in the context of the death penalty because the death penalty is violative of the appellant's right to be free from cruel and unusual punishment as guaranteed by the Federal and Arizona Constitutions. United States Const. Amend. VIII; Ariz.Const. Art. 2, paragraph 15, A.R.S. Thus according to the appellant, any trial which takes place within the context of the death penalty would be fundamental error requiring the granting of a new trial.

It is well established that at the time of appellant's trial, the death penalty had not been held violative of either the Federal or Arizona Constitutions. State v. Maloney, 105 Ariz. 348, 464 P.2d 793 (1970); State v. Malumphy, 105 Ariz. 200, 461 P.2d 677 (1969); State v. Jones, 95 Ariz. 4, 385 P. 2d 1019 (1963). However since the time of appellant's trial, the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) and Stewart v. Massachusetts, 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744 (1972) held that the imposition and carrying out of the death sentence constituted cruel and unusual punishment in violation of the eighth and fourteenth amendments. It is clear from the court's opinion that the court did not go so far as to disturb the underlying conviction but only to vacate the sentence of death. In light of this, appellant's contention that a trial which takes place within the context of the death penalty would be fundamental error is palpably erroneous.

Appellant's final assignment of error is that the trial court should not have denied appellant's requested jury instruction number 14. That instruction read:

> "A defendant who wishes to testify is a competent witness and the defendant's testimony is to be judged in the same way as that of any other witness."

The appellant argues that a portion of the instruction given precluded the appellant from having the same status as any other witness.

In order to determine if there has been any prejudice by a portion of the instructions, the instructions must be viewed as a whole and not piecemeal. In passing

upon the propriety of the instruction, the court will not isolate paragraphs from the whole. State v. Carr, 108 Ariz. 203, 495 P.2d 134 (1972); State v. Beard, 107 Ariz. 388, 489 P.2d 25 (1971); State v. Godsoe, 107 Ariz. 367, 489 P.2d 4 (1971). The entire instruction given to the jury regarding the credibility of witnesses was:

> "You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. A witness is presumed to speak the truth, but this presumption may be outweighed by the manner in which the witness testifies, by the character of the testimony given, or by the contradictory evidence. You should carefully scrutinize the testimony given, the circumstances under which each witness has testified and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, demeanor and manner while on the witness stand. Consider also any relation each witness may bear to either the plaintiff or the defendant, the manner in which each witness may be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence."

The refusal to give the requested instruction although it stated a correct principle of law was not improper where the substance of appellant's instructions was covered by the trial court's instructions. State v. Stevens, 107 Ariz. 565, 490 P.2d 571 (1971); State v. Stinson, 105 Ariz. 174, 461 P.2d 472 (1969). We find that the instruction when read as a whole sufficiently instructed the jury that the appellant was a competent witness. Therefore we cannot find any merit in appellant's contention that the trial court erred in refusing to give appellant's proposed instruction fourteen.

Judgment affirmed.

HAYS, C. J., and HOLOHAN, J., concur.