535 P.2d 26

**STATE of Arizona, Appellee,**

v.

**Lorenzo CHAVEZ, Appellant.**

**No. I CA–CR 700.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 15, 1975.

————◆————

Bruce E. Babbitt, Atty. Gen. by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Davis & Flake by Dennis I. Davis, Show Low, for appellant.

OPINION

DONOFRIO, Judge.

Appellant-defendant, Lorenzo Chavez, was convicted and sentenced in the Navajo County Superior Court for the crime of burglary in the first degree. In this appeal he asserts that he was denied his constitutional rights in violation of the Arizona Constitution, Article 2, § 24, A.R.S. In particular, he alleges that the trial court erred in allowing a witness for the State to testify in violation of Rule 15.1(a)(1) and (7), Rules of Criminal Procedure, 17 A.R. S., and he also alleges that his constitutional rights were violated by the State's failure to process certain glass window fragments for fingerprints.

The evidence produced by the State at the trial tended strongly to prove defendant's guilt. Defendant called no witnesses

at the trial, nor did he testify in his own behalf. Patrolman Raymond Martinez testified that on October 20, 1973, at approximately 3:30 a. m. at Winslow, Arizona, he observed the defendant coming out of a broken window of Bruchman's Curio store; that he knew the defendant and had known him for some 20 years; and that the defendant looked straight at him and ran down an alley. Officer Martinez also testified that the area around the burglary was well lighted.

Officer Sterling Norgaard of the Winslow Police testified that he saw the defendant shortly after the burglary approximately three blocks from the scene. Another witness testified that she saw a man jump out of the window of the Curio store and run down an alley at approximately the time of the burglary. She described his clothing which description matched that provided by Officer Norgaard.

The Winslow Police had taken certain glass samples from the broken window of the Curio shop for possible fingerprint analysis. Before trial, counsel for the defendant had been told that this glass had been sent to the Department of Public Safety Laboratory for fingerprint analysis. However, subsequently at trial the investigating officer testified that none of the glass had been sent away for analysis for the reason that his Chief of Police, Walter Maule, had examined the glass and found no legible latent fingerprints which could have been analyzed. The defense then introduced the glass fragments at trial and cross-examined the investigating officer in an effort to discredit his testimony. In light of this the State called Chief Maule, although he had not been listed before trial as a State witness or as an expert. He was qualified at trial as a quasi-expert in fingerprint techniques and testified that he had examined the glass fragments and found no legible latent fingerprints, and therefore the glass had not been sent away for analysis as the defense attorney had previously been told. The defense objected to Chief Maule's testimony, and on the day he was to testify the defense came prepared with its own fingerprint expert who was never called to testify after Chief Maule's testimony.

Rule 15.1 a of the Rules of Criminal Procedure provide for disclosure by the State of matters relating to the guilt, innocence or punishment of a defendant. Rule 15.1 a(1) provides for disclosure of the names and addresses of all witnesses for the State's case-in-chief, and Rule 15.1 a(3) for the disclosure of all of the State's experts involved in the case.

■ We hold that the defendant was not prejudiced in any way by the testimony of Chief Maule who was not previously listed as a State witness in the trial. Chief Maule's testimony was not necessary to prove the State's case and he was not a key witness. The prosecution did not intend to introduce the glass fragments as evidence due to the fact that they contained no legible fingerprints, and only called Chief Maule in an effort to explain why the glass had not been sent away for fingerprint analysis when the issue was raised by the defendant. We do not think that the defendant was put in an unfair position by Chief Maule's testimony, and the defendant has made no showing of prejudice to his case.

■ The sanctions for failing to allow discovery under Rule 15 are provided in Rule 15.7. We think that the imposition of any of the sanctions by the trial court is within its sound discretion when exercised to effect the ends of justice. State v. Fenton, 21 Ariz.App. 193, 517 P.2d 1086 (1974). See also State v. Von Reeden, 9 Ariz.App. 190, 450 P.2d 702 (1969); Hansen v. United States, 393 F.2d 763 (8th Cir. 1968). We see no abuse of discretion in the instant case. The trial court apparently found that the circumstances did not warrant the sanction of precluding Chief Maule's testimony and no other sanction (such as asking for a continuance) was asked for by the defense. Under the prior rule to Rule 15.1 (Rule 153) of the Arizona Rules of Criminal Procedure, the Arizona courts have held that the failure to endorse the name of a witness, on an in-

formation did not automatically disqualify an unnamed person as a witness, especially if his testimony was of no central importance. State v. Gause, 107 Ariz. 491, 489 P.2d 830, vacated and remanded on other grounds, 409 U.S. 815, 93 S.Ct. 192, 34 L. Ed.2d 71 (1971).

Defendant's second assignment of error was that his constitutional due process rights were violated by the State's failure to process the glass fragments for possible fingerprints. We know of no rule or case authority that requires the State to examine evidence for possible fingerprints, and the defendant has not cited any such authority. In the instant case the uncontradicted evidence clearly shows that the Winslow Police did examine the glass for possible fingerprints, found no legible prints, and for this reason did not send the glass away for further analysis. Defendant has made no showing of how he was prejudiced or how his case was hindered by the State's action. We therefore hold that the defendant's constitutional rights under Article 2, § 24 of the Arizona Constitution were not violated.

Affirmed.

OGG, P. J., and FROEB, J., concur.