543 P.2d 1122

**STATE of Arizona, Appellee,**

v.

**Enos Taft CLARK, Appellant.**

**No. 3070.**

Supreme Court of Arizona,
En Banc.

Dec. 19, 1975.

N. Warner Lee, Atty. Gen., Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Leek & Oehler by Stephen M. Lee, Kingman, for appellant.

HAYS, Justice.

Enos Taft Clark was convicted after a jury trial of murder in the second degree. He was sentenced to serve 50 years to life in the Arizona State Prison. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

On September 16, 1973, the body of Emily Walker was discovered in a ditch adjacent to a railroad spur outside the city of Kingman. The police were led to the location of the body by appellant, after he had called then and reported that he thought his wife was dead. Appellant claimed that he and Emily were attacked by four cowboys who had given them a ride, but that he had escaped. Subsequent investigation

by the police led them to believe that appellant had in fact murdered Emily Walker.

Appellant raises the following questions on appeal:

1. Did the trial court err in its failure to give a manslaughter instruction "sua sponte," although defense objected to a manslaughter instruction when requested by the state?

2. Did the trial court abuse its discretion under Rule 15.7(d), Rules of Criminal Procedure?

3. Was it error for the trial court to allow testimony as to appellant's mental condition when the opinion was based on facts not in evidence?

Appellant argues that the failure of the trial court to give a manslaughter instruction was reversible error. During the course of the trial, counsel for appellant objected to a manslaughter instruction on the grounds that the facts failed to show provocation for an unlawful act or a lawful act in an unlawful manner. The state argues that appellant is precluded from raising this objection on appeal under the provisions of Rule 21.3(c), Rules of Criminal Procedure.

In *State v. Evans,* 109 Ariz. 491, 512 P.2d 1225 (1973), this court held that the failure of a trial court to instruct the jury on a matter vital to the rights of the defendant would be fundamental error. The comments to Rule 21.3(c), Rules of Criminal Procedure, state that "[t]here is no intention to change the court's inherent duty to instruct the jury on fundamental principles of law, or bar the raising of fundamental errors on appeal." Although appellant is not precluded from raising the objection of failure to instruct by Rule 21.-3(c), Rules of Criminal Procedure, he is precluded from raising that objection as a result of counsel's specific objection to a manslaughter instruction offered by the state. This court has held that "[a] defendant cannot benefit on appeal from an error that he invited." *State v. Wilcynski,* 111 Ariz. 533, 534 P.2d 738 (1975). Appellant cannot now assert as error the failure of the trial court to give a manslaughter instruction.

Appellant next argues that the trial court abused its discretion in not excluding all testimony concerning prior acts. We find from our review of the record that the state was ordered to prepare a list of prior acts including the dates of those acts, to be delivered to defense counsel by June 10, 1974. The trial court determined that the list was not supplied to defense counsel by June 10, 1974, or at any time prior to trial. In its ruling the trial court precluded the state from calling Florence Hunter, and limited testimony as to prior acts to that made by witnesses who were previously disclosed, and to incidents between appellant and the victim after September 1, 1974. Rule 15.7, Rules of Criminal Procedure, provides that "the court may impose any sanction which it finds just under the circumstances . . ." The imposition of sanctions as provided by Rule 15.7, Rules of Criminal Procedure, is a matter within the discretion of the trial court. *State v. Kevil,* 111 Ariz. 240, 527 P.2d 285 (1974). Absent a showing of prejudice to the appellant, this court will not find an abuse of discretion. *See State v. Castaneda,* 111 Ariz. 264, 528 P.2d 608 (1974). We have reviewed the record and can find no prejudice to the appellant resulting from the court's ruling.

Appellant further argues that the trial court was arbitrary in terms of imposing sanctions under Rule 15.7, Rules of Criminal Procedure, by its failure to exclude the introduction of a medicine bottle into evidence. Testimony regarding the use of a medicine bottle was elicited without objection prior to the introduction of the bottle into evidence. Failure to make prompt objection at the time of the initial testimony concerning the medicine bottle constituted a waiver of any right of review on appeal. *State v. Miller,* 112 Ariz. 95, 537 P.2d 965 (1975). Appellant cannot now argue that the medicine bottle should

be excluded under Rule 15.7, Rules of Criminal Procedure.

Appellant next argues that the trial court erred in allowing appellee's expert witness to base opinion testimony on facts not in evidence.

The state presented the testimony of a psychiatrist to rebut appellant's insanity defense. The witness concluded that appellant's behavior on the night of the murder was within normal limits, basing his opinion on a personal interview with appellant, a tape of an interview between appellant and police officers and "the knowledge that you have furnished me about the case." During the course of his testimony, the psychiatrist indicated that his opinion was based in part upon records and charts of appellant's medical history. These records were not in evidence. Appellant made an objection to the psychiatrist's testimony alleging that it was based on facts not in evidence.

In the past this court has stated that an expert may not base his opinion on facts not in evidence. *See State v. Gevrez,* 61 Ariz. 296, 148 P.2d 829 (1944). "The purpose of this rule is to prevent the expert from basing his testimony on assumptions which are unknown to the jury and unsupported by the evidence. * * *" *State v. Drury,* 110 Ariz. 447, 520 P.2d 495 (1974). This rule, however, ignores custom and practice in the field in which the expert is qualified. We hold that the better approach is the one adopted by Rule 703, Federal Rules of Evidence, which reads as follows:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

This rule provides its own safeguards. The facts or data that may be relied on by the expert are limited by custom and practice in a particular field. Furthermore, the opinion based on these facts, whether or not they are in evidence, is subject to cross-examination. Hence, opposing counsel is given the chance to question their validity. *See* Rule 705, Federal Rules of Evidence.

The use of charts of appellant's medical history by a psychiatrist engaged in an examination of appellant clearly falls within the category of information relied upon by psychiatrists. We hold that there was no error in admitting into evidence the opinion testimony by the state's psychiatrist based in part on medical records not in evidence.

Appellant finally argues that it was error for the trial court to allow the state to ask hypothetical questions based on assumptions of fact not in evidence. We have reviewed the record and hold that this error was harmless beyond a reasonable doubt. There is no reasonable probability that the verdict might have been different had these trivial facts not been introduced into the hypotheticals. *See State v. Ybarra,* 97 Ariz. 200, 398 P.2d 905 (1965); *State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1973).

Judgment and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.

Note: Justice FRANK X. GORDON, Jr. did not participate in the determination of this matter.