548 P.2d 1183

**STATE of Arizona, Appellee,**

v.

**Michael WARREN, Appellant.**

**No. I CA-CR 1372.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 29, 1976.

Rehearing Denied June 3, 1976.
Review Denied June 29, 1976.

---

**372**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Thomas G. Bakker, Asst. Atty. Gen., Phoenix, for appellee.

H. K. Wilhelmsen, Prescott, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

Appellant was convicted of first degree burglary and was sentenced to 10 to 14 years in the Arizona State Prison.

On appeal, appellant urges that the trial court committed error by:

1. Denying the appellant's motion for acquittal;

2. Allowing the state to endorse an additional witness at the commencement of trial.

Appellant's alleged accomplice testified as to the details of the burglary. He claimed that he and appellant burglarized a certain restaurant in Yavapai County and that a third person drove the getaway car. The accomplice testified that he, appellant, and the third person resided at a residence which was the object of a search conducted by the police on March 13, 1975. He identified photographs taken at the residence which depicted food items stolen from the restaurant.

A warrant had been issued to search the premises where appellant was believed to be residing because of information obtained by the police which indicated goods stolen from the restaurant March 10, 1975, were within the residence. The legality of the search is not questioned on appeal.

A police officer testified that he had observed the residence over a 5 to 7-day period in late January and early February and had determined on the basis of his personal observations that appellant resided at the residence. He also testified that appellant was present at the residence at the time the search was conducted on March 13.

At the close of the state's case, appellant moved for a directed verdict, claiming there was a lack of evidence to support guilt, and specifically arguing that there was no corroboration of the accomplice's testimony. He based this conclusion on the fact that there were other people residing at the residence and other persons

present when the stolen goods were discovered in the search. He concludes, therefore, that his possession could not have been sole and exclusive and that any inference that could have been drawn from possession of recently stolen goods vanished.

■ As noted by the Court in *State v. Sheldon*, 91 Ariz. 73, 369 P.2d 917 (1962), the law in Arizona has long been that evidence, to be sufficient to corroborate the testimony of an accomplice, must tend, in some degree, to connect the defendant with the offense charged.

■ We think that the fact appellant did not have sole possession of the food at the time of its discovery does not destroy the probative force of the evidence of unexplained possession, which may corroborate the testimony of an accomplice. *State v. Smith*, 96 Ariz. 322, 395 P.2d 362 (1964). Furthermore, *Rain v. State*, 15 Ariz. 125, 137 P. 550 (1913), while distinguishable from the instant case, supports our conclusion that the officer's observations of appellant's ingress and egress from the residence, coupled with the presence of appellant at the time of discovery of the goods, warranted the jury in finding that appellant possessed the goods, if not solely, then jointly with the other occupants of the house. The Court in *Rain v. State*, supra, observed:

> "Possession of goods stolen at the time of a burglary may be given in evidence, upon the trial of the burglary charge, as a circumstance tending to connect the defendant with the commission of the offense. In so far as the stolen goods were not shown to have been in the possession of the defendant, while stored in the dugout, that fact tends in no manner to connect the defendant with the burglary. The fact that he resided with his family in a house situated near the place where the stolen goods were stored is no evidence that he was concerned in stealing them, *unless he had some dominion over the place where they were stored.*" (Emphasis added). 15 Ariz. at 135, 137 P. at 554.

In the present case, the jury could properly have inferred from the evidence that appellant lived at the house and that he jointly possessed the food items found in a common living area, i. e., the kitchen. This possession, being unexplained, tended to implicate the defendant. *State v. Smith*, supra. That is all that is required. *State v. Crawford*, 106 Ariz. 322, 475 P.2d 936 (1970). Since possession is sufficient corroboration of an accomplice's testimony, the trial judge acted properly in denying the motion for acquittal.

For his second issue on appeal, appellant argues that the trial court committed error in allowing the state to put on a witness it had failed to disclose pursuant to Rule 15, Rules of Criminal Procedure, 17 A.R.S.

The appellant argued to the trial court that its minute entry requiring disclosure of all witnesses by May 9, 1975, was not complied with and that, therefore, the court should exclude the testimony of the state's would-be witness. The county attorney argued that the witness had, in effect, been disclosed at the preliminary hearing. The witness had previously testified during the preliminary hearing. His testimony was directed to the issue of identifying the goods found at the residence as those stolen from the restaurant.

The court allowed the witness to testify but limited his testimony to that previously covered at the preliminary hearing.

Rule 15.7 states, in part:

> "If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any provisions of this rule or any order issued pursuant thereto, the court may impose any sanction which it finds just under the circumstances, * * * *."

■ As was the case in *State v. Chavez*, 23 Ariz.App. 606, 535 P.2d 26 (1975), we do not think that appellant was either prejudiced or put in an unfair position by the trial court's ruling. The witness had previously testified at the preliminary hearing

and had been cross-examined by the same defense counsel. His testimony was limited by the trial court to identification of the goods stolen from the restaurant.

The trial judge acted within his discretion in denying the appellant's motion to exclude the testimony.

The judgment and sentence are affirmed.

OGG and FROEB, JJ., concur.