568 P.2d 1086

The STATE of Arizona, Appellee,

v.

Alonzo Alexander GAMBRELL, Appellant.

No. 2 CA–CR 986.

Court of Appeals of Arizona, Division 2.

May 3, 1977.

Rehearing Denied June 29, 1977.

Review Denied Sept. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

On May 9, 1976, officers of the Tucson Police Department received a report of two juveniles trying to push a safe away from the area of the Disabled American Veteran's Thrift Store. Appellant was arrested at the scene along with two juveniles and was indicted on one count of conspiracy to commit burglary and one count of grand theft. After a trial by jury during which the two juveniles testified against appellant, the court entered a judgment of ac-

quittal as to the conspiracy count and the jury returned verdicts of not guilty of burglary and guilty of grand theft. Appellant was sentenced to a term of not less than eight nor more than ten years.

On appeal, appellant contends that the trial court erred: (1) in admitting statements made by him prior to proof of the corpus delicti; (2) in allowing the manager of the thrift store to testify after the state had failed to disclose his name as a witness; (3) in refusing to give his requested instructions on reasonable doubt and mere presence; and (4) in refusing to enter a judgment of acquittal because the accomplices' testimony was uncorroborated.

Appellant first argues that before the state may use a defendant's incriminating statements at trial, other evidence must have been introduced to prove the corpus delicti. *State v. Hernandez,* 83 Ariz. 279, 320 P.2d 467 (1958). Here, the state's first witness, a police officer, related certain statements made by appellant at the time of his arrest. The officer testified he heard appellant state: (1) that the police "had the wrong person and that he hadn't done anything", and later (2) that "he was walking down 6th Avenue when he first observed two juveniles running from the police officers" and he told them not to run because it was wrong. At the time the officer was allowed to testify as to these statements, he had testified only to receiving a report of two juveniles pushing a safe, seeing the safe and a tire iron on the sidewalk, and finding a screwdriver in one of the juveniles' pockets. Assuming that appellant's statements are incriminating so as to fall within the rule and assuming that the corpus delicti had not been proven at the time of their admission, the order of proof is nevertheless within the sound discretion of the trial court. Where, as here, the corpus delicti is eventually established, a mere variation in the order of proof cannot be said to result in any prejudice to appellant's rights. *People v. Proctor,* 169 Cal.App.2d 269, 337 P.2d 93 (1959); *People v. McLaughlin,* 156 Cal.App.2d 291, 319 P.2d 365 (1957); *McIntosh v. State,* 86 Nev. 133, 466 P.2d 656 (1970).

■ The state did not disclose Cleo Richards, the thrift store's manager, as a witness as required by Rule 15.1, Rules of Criminal Procedure. Appellant contends that the trial court should not have allowed the manager to testify that the store was broken into and to identify the safe and the value of its contents. The imposition of a sanction for violation of the discovery rules is a matter within the discretion of the trial court. Rule 15.7, Arizona Rules of Criminal Procedure. Absent a showing of prejudice, this court will not find an abuse of discretion. *State v. Clark,* 112 Ariz. 493, 543 P.2d 1122 (1975).

■ Appellant argues that he was prejudiced because he was deprived of an opportunity to prepare for the witness' testimony and because he was deprived of a valid defense since without Richards' testimony the corpus delicti could not be proved. We do not agree. As the trial court noted, appellant could have reasonably expected someone from the store to testify. Furthermore, although Richards' name did not appear in the state's disclosure, his name was mentioned in a list of witnesses presented during voir dire. Appellant, however, raised no objection at that time, nor did he request an interview with Richards. In any event, Richards' testimony was not such as would require extensive preparation for cross-examination and was in fact only necessary to establish the value of the safe's contents since one of the juveniles later testified as to breaking into the store and pushing the safe out onto the sidewalk.[1] We therefore find no abuse of discretion in the trial court's determination that the circumstances did not warrant the preclusion sanction and no other sanction was sought. *State v. Chavez,* 23 Ariz.App. 606, 535 P.2d 26 (1975).

■ Appellant's third contention is that the trial court erred in refusing to give his *requested instructions on* "reasonable doubt" and "mere presence". We note initially that appellant objected to the failure to give the instructions only as "fundamen-

tal error" and we question the sufficiency of that objection to preserve the question for appeal. *State v. Belkin,* 26 Ariz.App. 513, 549 P.2d 608 (1976). Nevertheless, we find no error in the trial court's refusal to give the instructions. The court gave criminal standard No. 6 on reasonable doubt from Recommended Arizona Jury Instructions (RAJI), and the failure to further define the term did not constitute error. *State v. Canedo,* Ariz.App., 563 P.2d 315 (1977). The instruction on "mere presence" was also properly refused where its substance was adequately covered by the instructions as a whole, and in particular by the instruction on aiding and abetting which stated that the defendant must have knowingly and with criminal intent aided, promoted, encouraged or instigated the commission of the offense. *State v. Richardson,* 110 Ariz. 48, 514 P.2d 1236 (1973); *State v. Stinson,* 105 Ariz. 174, 461 P.2d 472 (1969).

■ Appellant's final contention is that the testimony of the two juvenile accomplices was uncorroborated and therefore the trial court should have entered a judgment of acquittal. Evidence sufficient to corroborate testimony of an accomplice must tend, in some degree, to connect the defendant with the offense charged. *State v. Warren,* 26 Ariz.App. 371, 548 P.2d 1183 (1976). Although there was a conflict in the testimony of the accomplices, Harris and Matthews, both agreed that appellant was involved in pushing the safe along the sidewalk and that Matthews drove the car after Harris got out. This testimony was corroborated by Marie Aros who reported the crime to the police. She testified she saw three people in the area, two "juveniles" pushing the safe and "an adult" (identified as appellant) driving the car. When the police arrived, appellant, Harris and Matthews were the only persons in the area. Further Aros testified that she thought the people pushing the safe were juveniles because they were "small and thin." Appellant is 5'5", 125 lbs.; Harris is

---

1. The corpus delicti may be established by evidence of an accomplice who in that respect needs no corroboration. *People v. McLaughlin, supra.*

5'10", 145 lbs.; Matthews is 6'1", 165 lbs. Aros also stated that one of the persons pushing the safe wore a black shirt, and the other a white T-shirt. Appellant was wearing a black knit shirt and Harris a dirty white T-shirt. Thus, even though Aros' testimony was confusing and even though she identified appellant as the one driving the car, her description of the persons pushing the safe fits appellant and Harris and corroborate the accomplices' testimony to that extent. We find that this evidence tends to connect appellant with the offense charged and refutes his exculpatory statements that he was merely out taking a walk.

Affirmed.

HATHAWAY and RICHMOND, JJ., concur.