596 P.2d 366

**STATE of Arizona, Appellee,**

v.

**Rene Ray STARKS, Appellant.**

No. 4068.

Supreme Court of Arizona, In Banc.

May 31, 1979.

Rehearing Denied June 26, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., by William J.

Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Herbert Warren Kalish, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant was tried by jury and convicted of armed robbery under A.R.S. §§ 13–641 and 13–643. He appeals from the conviction and sentence of the Superior Court of Maricopa County of not less than 20 years nor more than life. The offense in question occurred when the defendant and one James Ferguson were being transferred from a pretrial hearing to the county jail. Ferguson and the defendant were codefendants who stood charged with crimes unrelated to those which are the subject of this appeal. While en route from the hearing Ferguson was handed a small handgun by his wife. Ferguson then ordered the defendant to disarm the guard and to remove his personal property. The defendant complied. As this was transpiring two assistant public defenders walked into the area and were also robbed. The defendant and Ferguson escaped in a car commandeered from one of the public defenders. They were captured a short time later.

■ At trial the defendant offered the defense of duress under A.R.S. § 13–134(5). The defendant sought to introduce the testimony of Dr. Leonardo Garcia-Bunuel, a psychiatrist. The defense stated that the doctor would testify that the defendant suffered from temporal lobe epilepsy and was mentally retarded, and that because of his mental condition he was susceptible to threats by Ferguson and that his reaction at the time of the incident was consistent with his condition. The court sustained an objection by the state to the proffered testimony on the basis that the testimony is relevant only to the defendant's subjective mental state, and that § 13–134(5) sets up an objective standard. The state reasons that what a reasonable man would have done in the circumstances is admissible, but testimony regarding the mental state of the defendant himself is purely subjective and therefore objectionable. We agree.

Simply stated, the question is whether the defense of duress as set out in A.R.S. § 13–134(5) mandates an objective test or a subjective test to determine whether the defendant felt his life was in danger. A.R.S. § 13–134(5) reads as follows:

"The following persons shall not be punished for their acts or omissions: . . .

"5. Those, unless the crime is punishable with death, who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to, and did believe their lives would be endangered if they refused."

■ The language of the above statute appears to set up two distinct elements which the defendant must prove: (1) that he did in fact believe that his life would be endangered if he did not perform the criminal act complained of, and (2) that this belief held by the defendant was a reasonable one.* We feel that the language requiring that the defendant in fact believed that his life was endangered is placed in the statute to make it clear that the defense of duress is not available to a defendant who did not in fact believe that his life was endangered even though a reasonable man might have thought so. This reason and not a desire to mandate a subjective test was the intent of the legislature in its drafting of A.R.S. § 13–134(5). Once the defendant asserts that he was in fact in fear, his conduct is then judged by an objective standard.

The defendant's offer of proof clearly indicates that Dr. Garcia-Bunuel's testimo-

---

* The defendant was tried in September of 1977; in October of 1978 A.R.S. § 13–134 was repealed and A.R.S. § 13–412 became effective in its place.

A.R.S. § 13–412(A) reads as follows:

Conduct which would otherwise constitute an offense is justified if a reasonable person would believe that he was compelled to engage in the proscribed conduct by the threat or use of immediate physical force against his person or the person of another which resulted or could result in serious physical injury which a reasonable person in the situation would not have resisted.

ny delved into the defendant's subjective mental state and was therefore properly excluded.

 The defendant next contends that the court erred in ordering him shackled in front of the jury. We disagree. The defendant was on trial for armed robbery committed while effecting an escape during a pretrial hearing. The record indicates that the trial judge exercised proper discretion in inquiring into what degree of restriction was required to insure the safety of all concerned. Whether the defendant will appear before the jury shackled and guarded is within the sound discretion of the trial court. *State v. Reid,* 114 Ariz. 16, 559 P.2d 136 (1976), *cert. denied,* 431 U.S. 921, *State v. Watson,* 114 Ariz. 1, 559 P.2d 121 (1976), *cert. denied,* 430 U.S. 986, *State v. Johnson,* 122 Ariz. 260, 594 P.2d 514 (1979). (No. 4151, filed April 4, 1979). We find no abuse of discretion here.

 The defendant next contends that the trial court erred in failing to exclude a statement by the defendant for the reason that the state had violated 17 A.R.S. Rules of Criminal Procedure, Rule 15.1(a)(2) which requires the state to disclose all statements made by the defendant. The statement in question was made by the defendant to the guard whom he had robbed, indicating sorrow that the defendant had not killed the guard while he had the chance. The record indicates that the prosecutor informed defense counsel of the existence of the statement shortly after he himself learned of it. Further, the prosecutor personally arranged for defense counsel to interview witnesses who heard the statement. The record further indicates that defense counsel interviewed these witnesses three days prior to trial. The imposition of sanctions as provided by 17 A.R.S. Rules of Criminal Procedure, Rule 15.7 is a matter within the discretion of the trial court. *State v. Clark,* 112 Ariz. 493, 543 P.2d 1122 (1975). The defendant did not request a continuance and from a review of the record we feel that the court was well within its sound discretion in refusing to order any sanctions stricter than granting the defend-ant a continuance. We find no abuse of discretion here.

 The defendant further argues in the alternative that, even if the court properly admitted the defendant's statement over his discovery objection, it should have been excluded on the basis of relevancy and materiality. We disagree. Relevant evidence means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable. 17A A.R.S. Rules of Evidence, rule 401. All relevant evidence is admissible except in those instances where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay. 17A A.R.S. Rules of Evidence, rules 402 and 403. Whether the defendant was acting under duress or on his own volition was the central issue in the case. The statement of the defendant shed light on this crucial issue and its probative value was not outweighed by any unfair prejudice it might have caused the defendant. In determining the relevancy and admissibility of evidence, the trial judge is invested with considerable discretion. *Higgins v. Arizona Savings & Loan Association,* 90 Ariz. 55, 365 P.2d 476 (1961). We find that the defendant's statement was properly admitted.

The judgment of the Superior Court of Maricopa County is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.