418 P.2d 577

**STATE of Arizona, Plaintiff,**

v.

**Lowell Howard HADDOCK, Defendant.**

No. 1705.

Supreme Court of Arizona.

In Banc.

Oct. 5, 1966.

Robert K. Corbin, Maricopa County Atty., by Irwin Harris, Deputy County Atty., Phoenix, for the State.

Pasquale R. Cheche, Phoenix, for defendant.

UDALL, Justice.

On April 6, 1966 the County Attorney of Maricopa County filed an information in Superior Court, charging the defendant Lowell H. Haddock with illegal possession of marijuana, in violation of A.R.S. § 36–1002.05, as amended, 1961. Defendant moved to quash the information on the ground that his alleged possession of approximately 100 marijuana seeds was not a crime within the purview of the statute.

In accordance with the provisions of Rule 346, 17 A.R.S. Rules of Criminal Procedure, the trial court has certified the following question: Does the mere possession of the seeds of the marijuana plant constitute a crime under A.R.S. § 36–1002.05? The section provides as follows:

"A. Every person who knowingly grows, plants, cultivates, harvests, dries, or processes any marijuana, or any part thereof, or who knowingly possesses any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison for not less than

one year nor more than ten years but for the first offense the court may impose a fine not exceeding one thousand dollars, imprisonment in the county jail not exceeding one year or both."

■ There is nothing in Section 36–1002.05, or in any other section of the "Uniform Narcotic Drug Act", (A.R.S. § 36–1001 through § 36–1105), which suggests that the word "marijuana", as used above in the phrase, "or who knowingly possesses any marijuana", was intended to have a meaning other than that normally assigned to the word, and in State v. Curry, 97 Ariz. 191, at 195, 398 P.2d 899, at 901, we quoted with approval the following statement from State v. Navaro, 83 Utah 6, 26 P.2d 955, in which the Supreme Court of Utah held that the word "marijuana" is ordinarily used to refer to the narcotic product of the marijuana plant:

"While in some of the articles to which we have referred the word 'marijuana' is used indiscriminately with reference to the plant, the drug, or the flowering tops and leaves of cannabis sativa, the preponderant use of the word, we think, is clearly with reference to the product which is used for smoking. * * *"

The seeds of the marijuana plant are not a narcotic product of the plant. This was clearly established by the following testimony of the state's expert witness, on a cross examination conducted in the justice of the peace court before the defendant was held to answer in the superior court:

"Q. As far as the seeds themselves were concerned, is there any test that can be done at that time just to the seeds to determine whether they are marijuana?

"A. Only physical examination and attempting to germinate them.

"Q. There's no chemical test?

"A. No, not that I'm aware of.

"Q. Were these seeds in any condition when you first received them to be usable as marijuana?

"A. By 'usable', you mean get an effect from them?

"Q. Yes.

"A. No.

"Q. Would there be any effect at all if the seeds were attempted to be used at that time as marijuana?

"A. I must answer indirectly. The seeds do not contain the active principal. Via that fact, I would assume that no effect would be obtained by smoking or attempting to smoke them.

"Q. In order for the seeds to be used as marijuana they would have to be grown?

"A. You would have to grow plants."

The fact that marijuana seeds cannot be put to any use as a narcotic drug leads us to the same conclusion expressed by the Court of Criminal Appeals of Texas in Pelham v. State, 164 Tex.Cr.R. 226, at 228, 298 S.W.2d 171, at 173:

"The legislature has not prescribed or limited * * * the amount of marijuana necessary to be possessed in order to constitute the unlawful act of possession of marijuana.

"We know that the use commonly made of marijuana is to smoke it in cigarettes; it is not taken internally or by hypodermic, as are other narcotics. Such being true, we have concluded that the reasonable construction and interpretation to be applied here is that the legislature intended that to constitute the unlawful act of possessing marijuana there must be possessed an amount sufficient to be applied to the use commonly made thereof. In other words, unless the amount of marijuana possessed is such as is capable of being applied to the use commonly made thereof, it does not constitute marijuana within the meaning of the statute."

■ Since we presume that our legislature, in prohibiting the possession of marijuana in § 36–1002.05, used the term "marijuana" as it is most commonly used, as referring to the narcotic product of the

marijuana plant, and since the seeds are not and do not contain the narcotic product and cannot be used in the customary manner to obtain a narcotic effect, we are of the opinion that the legislature did not intend to make possession of marijuana seeds a crime.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFAR-LAND, JJ., concur.