515 P.2d 329

**The STATE of Arizona, Appellee,**

v.

**Peter Thomas BOLLANDER, Appellant.**

**No. 2637.**

Supreme Court of Arizona,
In Banc.
Nov. 1, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Ed Bolding, Pima County Public Defender, by Richard Van Duizend, Asst. Public Defender, Tucson, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal by the defendant, Peter Thomas Bollander, from a jury verdict and judgment of guilt to the crime of selling marijuana, § 36–1002.07 A.R.S., and a sentence of not less than five nor more than six years in the Arizona State Prison.

Defendant raises several issues on this appeal, but we need consider only one question: Was there sufficient evidence to sustain a conviction for the unlawful sale of marijuana?

The facts necessary for a determination of the question before us are as follows. On 6 April 1972, the Pima County Grand Jury returned an indictment charging the defendant Bollander with the sale of marijuana. Trial before a jury was held on 14 September 1972, at which trial Bollander conducted his own defense. During its case in chief the State introduced into evidence a substance which the defendant had sold to undercover narcotics agents. A criminalist with the Tucson Crime Laboratory identified the substance as hashish, which she described as "the extracted resin of the marijuana plant." The same witness was recalled by the defendant and she testified as follows:

"Q Yesterday you were making statements that hashish has T.H.C. elements?

"A (Witness nods head.)

"Q And you are using now as a supplement for the T.H.C. marijuana. I'm just not clear. You said the— the County Attorney has marijuana in the hashish. Is that by being an expert in that medical field, would that be correct by saying marijuana in the hashish?

"A The hashish is the resin from the marijuana plant. The plant exudes this substance.

It is extracted from the plant and that is the hashish.

Sometimes the hashish may not be completely purified and there may be particles of marijuana in it. But true hashish is the resin from the plant.

It contains as part of it T.H.C.

"Q I asked you, is marijuana—it would be incorrect to say that marijuana is in the hashish? Would it be incorrect by saying hashish is in the marijuana or marijuana is in the hashish?

"THE COURT: You better straighten out which way you want it.

"Q (By Mr. Bollander) It would be incorrect by saying that marijuana is in the hashish?

"A In pure hashish there would be—

"Q Just answer me. Is marijuana in the hashish?

"A There could be, yes.

"Q Not could. Yes or no.

"MR. HANTMAN: She's answered to the best of her ability.

"THE COURT: Yes. I can't require her to answer yes or no. If it's necessary to explain her answer, why, she's entitled to do that.

You may ask her a question again, Mr. Bollander.

Should the Reporter read it back?

"MR. BOLLANDER: Yes. (Whereupon, the Reporter did as requested.)

"THE WITNESS: It could be.

"Q (By Mr. Bollander) How many tests have you done on hashish?

"A Oh, I'd say about a hundred.

"Q Do you always conclude tests by it could be?

"A Well, at the conclusion of the test I know if it's hashish.

"Q Beyond a reasonable doubt?

"A Yes.

"Q Then how come there is an uncertainty here as far as it could be?

"A Hashish is a product of marijuana.

"Q I'll ask you once more. Is marijuana in that hashish?

"A In these particular samples I don't know."

At the close of the State's case, and again after presentation of all the evidence, the defendant moved "to quash the charges on the ground that the State has not shown by evidence submitted [that] the marijuana was sold but only hashish." The motion was treated as one for a directed verdict and denied.

Sale of "any narcotic drug other than marijuana" is proscribed by § 36–1002.02 A.R.S. Sale of marijuana is proscribed by § 36–1002.07 A.R.S., and the penalties under that statute differ from the penalties prescribed by § 36–1002.02 A.R.S. The term "narcotic drugs" is defined as follows:

"14. 'Narcotic drugs' means coca leaves, opium, *cannabis,* isonipecaine, amidone, isoamidone, ketobemidone, any other drug of natural or synthetic origin that may be classified as a narcotic by the federal narcotics-commissioner, and any substance neither chemically nor physically distinguishable from them." § 36–1001(14) A.R.S. (Emphasis added)

The term "cannabis" is defined as follows:

"13. 'Cannabis' includes the following substances under whatever names they may be designated:

"(a) Marijuana.

"(b) All parts of the plant cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin, but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

"(c) The resin extracted from such tops.

"(d) Every compound, manufacture, salt, derivative, mixture or preparation of such resin, tetrahydrocannabinol (T.H. C.), or of such tops from which the resin has not been extracted." § 36–1001(13) A.R.S.

The statute concerning the sale of marijuana reads as follows:

"Every person who * * * sells * * * any marijuana shall be punished by imprisonment in the state prison from five years to life * * *." § 36–1002.07(A) A.R.S.

From the testimony of the expert witness, we have no difficulty in identifying hashish as a derivative of marijuana or "the resin extracted" from the marijuana plant and we believe that hashish clearly comes within the provisions of the Uniform Narcotic Drug Act, § 36–1001 A.R.S., under the following classification:

"(b) All parts of the plant cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture, or preparation of such plant * * *.

"(c) The resin extracted from such tops."

We believe that the term "marijuana" as it is commonly understood is the green, leafy substance often called "grass" which is composed primarily of the leaves of the cannabis sativa plant in its natural state. See People v. McCabe, 49 Ill.2d 338, 275 N.E.2d 407 (1971).

It is clear from a plain reading of § 36–1001(13) A.R.S. that the legislature has recognized hashish and marijuana as two distinct forms of cannabis. Both are narcotic drugs, § 13–1001(14) A.R.S., but marijuana alone has been singled out for separate treatment under our statutes. Consequently, while sale of marijuana is punishable under § 36–1002.07 A.R.S., all other cannabis derivatives, including hashish, are punishable under § 36–1002.02 A.R.S. In short, we do not believe that the legislature intended that a person who sells hashish could be prosecuted and punished for the sale of marijuana, and we hold that where a defendant is specifically charged with the unlawful sale of marijuana, it is not sufficient to show that the substance sold was hashish. In proving that the substance sold was hashish, and in failing to prove that there were any particles of marijuana in the hashish, the State in the instant case failed to prove an essential element of the crime with which the defendant was charged and the conviction cannot stand.

Judgment reversed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and, HOLOHAN, JJ., concur.