580 P.2d 331
**STATE of Arizona, Appellee,**

v.

**Phillip W. ZEITER, Appellant.**

**No. 4159.**

Supreme Court of Arizona,
In Banc.

May 24, 1978.

John A. LaSota, Jr., Atty. Gen., Bruce E. Babbitt, Former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice.

On September 8, 1977, appellant entered a plea of guilty to a charge under A.R.S. § 36–1002.05 of possession of marijuana. The offense was designated a misdemeanor and appellant was fined $100.00 plus a surcharge of $22.00. We have taken jurisdiction of his appeal pursuant to Rule 47(e)(5) Rules of the Supreme Court.

The only question raised on appeal is whether the trial judge correctly determined that there was a factual basis for the plea. The answer turns on the further question whether proof of possession of approximately one-half ounce of seeds of the marijuana plant is sufficient to support a conviction of possession of marijuana under A.R.S. § 36–1002.05. We hold that it is not.

A.R.S. § 36–1002.05 A states:

"*Growing, processing and possessing marijuana; penalty*

"Every person who knowingly grows, plants, cultivates, harvests, dries, or processes any marijuana, or any part thereof, or who knowingly possesses any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison for not less than one year nor more than ten years but for the first offense the court may impose a fine not exceeding one thousand dollars, imprisonment in the county jail not exceeding one year or both".

In *State v. Haddock,* 101 Ariz. 240, 418 P.2d 577 (1966), this Court, in construing the identical statutory provision, specifically held that seeds of the marijuana plant did not constitute marijuana within the meaning of the statute.

"There is nothing in Section 36–1002.-05, or in any other section of the 'Uniform Narcotic Drug Act', (A.R.S. § 36–1001 through § 36–1105) which suggests that the word 'marijuana', as used above in the phrase, 'or who knowingly possesses any marijuana', was intended to have a meaning other than that normally assigned to the word, * * *.

" 'While in some of the articles to which we have referred the word "marijuana" is used indiscriminately with reference to the plant, the drug, or the flowering tops and leaves of cannabis sativa, the preponderant use of the word, we think, is clearly with reference to the product which is used for smoking' ".

*Id.* 101 Ariz. at 241, 418 P.2d at 578. To fully appreciate the impact of the *Haddock* opinion, it is necessary to consider two additional sections of the statutory scheme for the control of narcotic drugs extant at the time that the case was decided. The general provision prohibiting the possession of narcotic drugs was § 36–1002(A), " * * * every person who possesses any narcotic drug *other than marijuana* * * shall be punished by imprisonment in the state prison for not less than two years nor more than ten years, * * * * ". (Emphasis added.) Included within the definition of narcotic drugs was the drug "cannabis",

A.R.S. § 36–1001(14). Cannabis, in turn, was defined under A.R.S. § 36–1001(13) as follows:

" 'Cannabis' includes the following substances under whatever names they may be designated:

"(a) Marijuana.

"(b) The dried flowering or fruiting tops of the pistillate plant cannabis satina (sativa) L., from which the resin has not been extracted.

"(c) The resin extracted from such tops.

"(d) Every compound, manufacture, salt, derivative, mixture or preparation of such resin, or of such tops from which the resin has not been extracted".

While possession of marijuana in this scheme was governed exclusively by A.R.S. § 36–1002.05, possession of any other variety of cannabis would have been regulated by A.R.S. § 36–1002. However, since none of the definitional subsections of "cannabis" could have been construed to include marijuana seeds, and since seeds were not defined as a narcotic drug by any other section, the possession of marijuana seeds would not have been an offense under A.R.S. § 36–1002. Hence, the impact of the holding in *Haddock* that marijuana seeds were not marijuana for purposes of A.R.S. § 36–1002.05 was that possession of seeds was not a criminal act. Indeed, the last sentence of the *Haddock* opinion reads, "we are of the opinion that the legislature did not intend to make possession of marijuana seeds a crime". *State v. Haddock,* 101 Ariz. at 242, 418 P.2d at 579.

Since the *Haddock* decision, the statutory treatment of possession of marijuana seeds has been considerably altered. While the provisions prohibiting the possession of narcotic drugs, A.R.S. § 36–1002 and the possession of marijuana, A.R.S. § 36–1002.05 have remained unchanged, the definition of cannabis, still included as a narcotic drug, (See A.R.S. § 36–1001(14)) has been amended as follows:

" 'Cannabis' includes the following substances under whatever names they may be designated.

"(a) Marijuana.

"(b) All parts of the plant cannabis sativa L., whether growing or not; *the seeds thereof * * *"*. (Emphasis added.) A.R.S. § 36–1001(13).

We agree with the state that this amendment clearly evinced a legislative intent to make possession of marijuana seeds a criminal act. However, there was no corresponding change at that time in the statutory scheme for control of narcotic drugs (nor has there been since) indicating a legislative intent to include marijuana seeds within the meaning of marijuana for purposes of A.R.S. § 36–1002.05. In *State v. Bollander,* 110 Ariz. 84, 515 P.2d 329 (1973) we expressly rejected the state's contentions that, in legal contemplation, cannabis and marijuana are synonymous terms, and that the Legislature intended that all violations of the narcotics laws based on possession of any form of cannabis be prosecuted exclusively under A.R.S. § 36–1002.-05. In that case, we held that under A.R.S. § 36–1001(13), marijuana and hashish are separate and distinct forms of cannabis and that marijuana was the only category of cannabis singled out for special treatment under our statutes. Moreover, we held that the definition of marijuana should be restricted to "the green, leafy substance often called 'grass' which is composed primarily of the leaves of the cannabis sativa plant in its natural state. See *People v. McCabe,* 49 Ill.2d 338, 275 N.E.2d 407 (1971)". *State v. Bollander,* 110 Ariz. at 87, 515 P.2d at 332. Like hashish, marijuana seeds must be regarded as a distinct form of cannabis. They are not the "green leafy substance" of the cannabis plant, nor are they under the *Haddock* definition "the product commonly used for smoking".

In our opinion, if the Legislature had intended that possession of marijuana seeds be prosecuted and punished under A.R.S. § 36–1002.05 rather than § 36–1002., it would have amended either the definition of marijuana or the statutory provision prohibiting the possession of marijuana to include seeds. As the statutory scheme is currently structured, however, proof of possession of marijuana seeds is insufficient to support a conviction of possession of marijuana under A.R.S. § 36–1002.05.

There being no factual basis to support appellant's plea of guilty to a charge of possession of marijuana, the judgment and sentence of the Superior Court is vacated. The case is remanded to the Superior Court with instructions to permit appellant to withdraw his plea of guilty to the offense as charged.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.