586 P.2d 203

The STATE of Arizona, Appellee,

v.

Mark Charles FLOYD, Appellant.

Nos. 2 CA–CR 1334, 2 CA–CR 1335–2.

Court of Appeals of Arizona,
Division 2.

Sept. 14, 1978.
Rehearing Denied Oct. 11, 1978.
Review Denied Oct. 24, 1978.

360

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

McDonald & Nash by Walter B. Nash, III, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Mark C. Floyd appeals from his conviction of unlawful possession of a narcotic drug, hashish, and from the resulting revocation of probation and sentence in an earlier case. He questions the classification of hashish as a narcotic drug, failure to suppress the hashish as the product of an illegal search, certain evidentiary rulings, the prosecutor's jury argument, and the sufficiency of the evidence. We will address his contentions in that order.

Recognizing that classification of hashish as a narcotic drug under A.R.S. § 36–1001 was approved in *State v. Bollander*, 110 Ariz. 84, 515 P.2d 329 (1973), appellant attacks the supreme court's decision in that case as based on inadequate facts. The holding in *Bollander*, however, is limited to a construction of the statute. His further argument that *Bollander* has not stood the test of the intervening five years is refuted by *State v. Zeiter*, 119 Ariz. 193, 580 P.2d 331 (1978), decided while this appeal was pending.

Alternatively, appellant contends that the more severe treatment of hashish under A.R.S. § 36–1002.02 than of another form of cannabis (marijuana) under § 36–1002.07 denies him equal protection of the laws. We find no such violation of his constitutional rights.

Acts of the legislature are presumed constitutional and "when there is a reasonable, even though debatable, basis for the enactment of a statute, we will uphold the act unless it is clearly unconstitutional." *State v. Murphy*, 117 Ariz. 57, 61, 570 P.2d 1070, 1074 (1977). Substantial portions of the suppression hearing and appellant's briefs are dedicated to expert testimony establishing the absence of any pharmacological distinction between hashish and marijuana. As noted, however, in *State v. Wadsworth*, 109 Ariz. 59, 505 P.2d 230 (1973), the legislature, in adopting the Uniform Narcotic Drug Act, A.R.S. §§ 36–1001, et seq., intended to "proscribe the use of marijuana, not to scientifically categorize it according to its composition and effect." 109 Ariz. at 63, 505 P.2d at 234. Although the court in *Wadsworth* was faced with the more readily apparent distinction between marijuana and "dangerous drugs" such as "speed" and "LSD," the rationale is appropriate here. The applicable premise is that the legislature may treat two substances differently on some basis other than their chemical composition and effect. The greater concentration in hashish of the psychoactive agent Delta 9 tetrahydrocannibinol may render it more susceptible to serious and extensive abuse than bulkier marijuana, easier to conceal, hence more difficult to detect and seize. "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961).

We also reject appellant's contention that the search of his motorcycle was not a valid inventory search. Appellant had collided with another vehicle at a Tucson intersection. His motorcycle was lying on its side, a few feet from him, and he was unconscious when Sergeant Weeks of the Tucson Police Department arrived to supervise the accident investigation. Shortly before a private towing company was to take the motorcycle to its storage yard, Weeks removed a small package, shaped like a book, which was strapped to the rear portion of the motorcycle seat by two elastic cords. In the package he found a brown substance, wrapped in plastic, which he suspected to be

contraband. Chemical analysis later revealed the substance to be hashish.

Police officers may make an inventory search of a vehicle in their custody. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Two purposes of the inventory search which were recognized as valid in *Opperman* are the protection of the owner's property and "the protection of the police against claims or disputes over lost or stolen property." 428 U.S. at 369, 96 S.Ct. at 3097. In the case before us, the officers had legal custody of the vehicle, *see* A.R.S. § 28–872(C)(2), and in accordance with standard police procedure searched the motorcycle for valuables.

Appellant argues that the purposes of the inventory search could have been served without opening the paper bag containing the hashish. Our supreme court, however, in upholding the seizure of the contents of a closed shaving satchel, has said that "[i]f one of the reasons for conducting the inventory is to safeguard valuables which might be present, it is illogical to prohibit law enforcement officials from searching those areas wherein valuables are most likely to be placed." *In Re One Econoline, etc.*, 109 Ariz. 433, 436, 511 P.2d 168, 171 (1973). *See also Opperman*, supra, 428 U.S. at 386–87, n. 4, 96 S.Ct. 3092 (Justice Marshall, dissenting). The hashish was legally seized incident to an inventory search. Appellant's reliance on *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), which in no way deals with the inventory search of a vehicle, is misplaced. *See State v. Walker*, 119 Ariz. 121, 579 P.2d 1091 (1978).

Over appropriate objections, the trial court admitted into evidence a copy of the motorcycle registration, although it had not been disclosed as required by rule 15.-1(a)(4), 17 A.R.S. Rules of Criminal Procedure. Imposition of sanctions under rule 15.7(a) for failure to disclose is within the sound discretion of the trial court. Absent a showing of prejudice, this court will not find an abuse of discretion. *State v. Clark*, 112 Ariz. 493, 543 P.2d 1122 (1975). In light of the grand jury transcript, appellant could

reasonably have expected proof at trial as to the ownership of the motorcycle. Moreover, he made no motion for a continuance to remedy any possible prejudice. *Cf. State v. Castaneda*, 111 Ariz. 264, 528 P.2d 608 (1974). We find no abuse of discretion in the trial court's failure to exclude the registration. *Cf. State v. Gambrell*, 116 Ariz. 188, 568 P.2d 1086 (App.1977).

Appellant also urges that the registration lacked requisite authentication and that its admission violated the rule against hearsay. The certified copy of the registration was signed by its custodian, whose signature was in turn verified by the statement under seal of the assistant director of the Department of Transportation, Motor Vehicle Division. The copy was therefore within the self-authentication provisions of rule 902(2), Arizona Rules of Evidence, relating to domestic public documents not under seal.

The registration was properly admitted as an exception to the rule against hearsay under rule 803(8), which provides:

"(8) Public records and reports. Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . ."

The trial court noted "an aura . . . of trustworthiness," and took judicial notice of A.R.S. § 28–104(B), which imposes a duty to register vehicles. The document thus satisfied the requirements of rule 803(8).

Appellant's contention that there was inadequate foundation for the procedure used to test the hashish is without merit. He cites no cases, and we have found no authority supporting the proposition that an expert chemist in giving his opinion on the identity of a substance must first establish the purity and reliability of the chemical agents used in his analysis.

Appellant next argues that portions of the prosecutor's closing argument denied him his right to a fair trial. He initially

contends that the prosecutor improperly commented on his failure to testify. The prosecutor stated:

"[Defense counsel] has the power of subpoena, as does the State. He can put on witnesses. He can put on witnesses who say despite the fact that Agent Petropoulos says in his mind it is held for purposes of sale that it would be held for another use. But there is no testimony to that effect."

Also:

"Along the same line again I mentioned the power of subpoena. [Defense counsel] has the power of subpoena. If there were another person, that person could come in and say it is not Mr. Floyd."

Only comments on the failure of the defendant to testify personally are objectionable. *State v. Still*, 119 Ariz. 549, 582 P.2d 639 (Filed July 18, 1978). The target of the prosecutor's first comment was appellant's failure to subpoena and call his own expert. *See Ignacio v. People of Territory of Guam*, 413 F.2d 513 (9th Cir. 1969). The second comment was clearly a response to the suggestion by appellant's counsel that some unknown person may have been riding with appellant at the time of the accident.[1] It is thus apparent that neither comment was directed to the defendant's failure to testify personally.

■ Appellant alleges that the prosecutor impermissibly interjected his own opinion as to guilt when he said that "[appellant] is the party who was guilty, not some imaginary person." Again, the remarks were made in response to appellant's attorney's suggestion that some other person placed the hashish on the motorcycle. Although the prosecutor should have avoided referring to appellant as "the party who was guilty," given the context and isolated nature of the remark, it is not so grievous as to require reversal.

■ Also, appellant charges that the prosecutor injected his opinion as to legislative intent as well as guilt by stating that "[w]hen the Legislature drafts statutes, like they drafted this one, their intent is not to get innocent people convicted." We do not believe the remark was sufficiently pointed or prejudicial to constitute reversible error.

■ Ultimately, citing *State v. Filipov*, 118 Ariz. 319, 576 P.2d 507 (App.1978), and *State v. Woodward*, 21 Ariz.App. 133, 516 P.2d 589 (1973), appellant urges that the cumulative effect of the prosecutor's statements requires reversal if the statements individually do not. We find no impropriety approaching the level in the cited cases.

■ Appellant's last argument is that his possession of the hashish was not supported by the evidence. the crime of possession of narcotics requires physical or constructive possession with actual knowledge of the narcotic substance. *Carroll v. State*, 90 Ariz. 411, 368 P.2d 649 (1962). As the supreme court said in *State v. Villavicencio*, 108 Ariz. 518, 520, 502 P.2d 1337, 1339 (1972):

"Constructive possession is generally applied to those circumstances where the drug is not found on the person of the defendant nor in his presence, but is found in a place under his dominion and control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the narcotics. Exclusive control of the place in which the narcotics are found is not necessary."

■ Constructive possession may be proved by circumstantial evidence. *State v. Donovan*, 116 Ariz. 209, 568 P.2d 1107 (App. 1977). In this case, the motorcycle on which the marijuana was found was owned and operated by the appellant. The package containing the hashish was located so that it would have been nearly impossible

---

1. In his closing argument, appellant's counsel stated:

"I don't know if he was driving alone. I don't know if he was driving with a passenger. They just don't know. You didn't hear any testimony about that one way or another. I anticipate what Mr. Ross might say. He may say, you remember I asked one of

those police officers who testified, did anybody come up running to you and say I was a passenger? No, they didn't that is true, no one did. I am not sure what that proves. I am not sure if there was a passenger on that motorcycle who knew what was in this bag, who was aware of the kind of severe criminal penalties we are talking about."

for appellant to have mounted the motorcycle without noticing it. Consequently, it was not improper for the jury to infer knowing possession from the fact that the contraband was found on a vehicle owned and driven by appellant. *See United States v. Castillo-Burgos,* 501 F.2d 217 (9th Cir. 1974); *State v. Harris,* 9 Ariz.App. 288, 451 P.2d 646 (1969). Appellant relies principally on *United States v. Martinez,* 514 F.2d 334 (9th Cir. 1975), and *State v. Miramon,* 27 Ariz.App. 451, 555 P.2d 1139 (1976). The rationale of those cases is not pertinent where the owner-driver is the sole occupant of the vehicle. In the case before us, there is no evidence that someone other than appellant was on the motorcycle at the time of the accident. The evidence thus was more than sufficient to support a finding of possession.

The judgments and sentences are affirmed.

HOWARD and HATHAWAY, JJ., concur.