648 P.2d 127

The STATE of Arizona, Appellee,

v.

Cruz Oscar RAMOS, Appellant.

No. 2 CA–CR 2239.

Court of Appeals of Arizona, Division 2.

Dec. 2, 1981.

Rehearing Denied Jan. 20, 1982.

Review Granted Feb. 10, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

David M. Gerson, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of violating A.R.S. § 13–1802(A)(5) which provides:

"A. A person commits theft if, without lawful authority, such person *knowingly*:

\* \* \* \* \* \*

5. Controls property of another *knowing* or *having reason to know* that the property was stolen; ..." (Emphasis added)

Appellant was apprehended by the police in a stolen automobile. The arresting officer testified that appellant was intoxicated. At trial, appellant requested the trial court, pursuant to A.R.S. § 13–503, to instruct the jury that it could consider the fact of his intoxication in determining whether he committed the crime "knowingly". The trial court refused. Citing our case of *State v. Robles*, 128 Ariz. 89, 623 P.2d 1245 (1981), appellant contends the trial court erred in refusing his instruction. We agree the trial court erred, but not for the reason asserted by appellant.

Prior to April 23, 1980, A.R.S. § 13–503 stated:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when *the actual existence of any particular culpable mental state* is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the culpable mental state with which he committed the act." (Emphasis added)

A.R.S. § 13–105(5) states that the phrase "culpable mental state" encompasses, inter alia, "intentionally" and "knowingly". The word "knowingly" is defined in subparagraph b as meaning:

"... [W]ith respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists."

The trial court refused the instruction because A.R.S. § 13–503 was amended prior to the commission of the instant offense. The new statute reads:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, *but when the actual existence of the culpable mental state of intentionally or with the intent to is* a necessary element to constitute any particular species or degree of offense, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the culpable mental state with which he committed the act." (Emphasis added)

■ We believe A.R.S. § 13–503, as amended, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution by relieving the state of the necessity of proving an element of the crime charged.

■ The due process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Where the criminal statute involved requires a certain state of mind such as "malice" or "purposely or knowingly", the state cannot shift the burden of proving these states of mind to the defendant. See *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). A fortiori, it cannot eliminate the necessity for proving a state of mind essential to the commission of the crime.

The state here must prove that the crime was committed "knowingly". However, it is not necessary to do so if the accused is intoxicated because A.R.S. § 13–503 does not apply to crimes where the required state of mind is "knowingly". It is therefore obvious that the statute is unconstitutional.

The dissent opines that since the state still has the burden of proving the act was done "knowingly", there is no constitutional infirmity. We are unable to agree. If intoxication cannot be used to show the accused did not act with the required culpable state of mind, then any evidence of intoxication would be inadmissible, and if such evidence were introduced, the state would be entitled to an instruction that such evidence cannot be considered by the jury. The jury could thus convict an accused who was too intoxicated to knowingly commit the crime. To say that the state still has the burden of proving the issue of knowledge is a "Catch 22".

In view of our disposition of this matter, we need not discuss the other issue appellant has presented for review.

Reversed and remanded for new trial.

BIRDSALL, J., concurs.

HATHAWAY, Judge, dissenting.

I must dissent from the majority opinion which, I believe, too readily pronounces the unconstitutionality of the amended statute, A.R.S. § 13–503. Reading § 13–1802 and § 13–503 together, it is apparent that the legislature has merely redefined the offense of theft where voluntary intoxication is involved. This is a legislative prerogative, so long as the redefinition is not so bizarre or unfair as to shock the conscience.

The effect of intoxication on criminal responsibility is a basic policy decision of the kind traditionally assigned to the legislature. Cf., *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (the due process clause does not prohibit the states from adopting the *M'Naghten* Rule as the sole test of insanity.) I believe it is within the power of our legislature to deprive a defendant of the "right" to escape responsi-

bility for his criminal act because he was drunk at the time he committed it.[1]

The presumption of the constitutionality of legislation, see *State v. Floyd*, 120 Ariz. 358, 586 P.2d 203 (App.1978), is not overcome unless the law offends "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." See *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). The statute in question here is more in tune with the traditions and conscience of our people than the converse.

The earliest rule at the common law was that intoxication was no excuse for criminal conduct. The application of this rule was so harsh that an exculpatory doctrine evolved to avoid injustice: though intoxication does not excuse a crime, nevertheless it may be considered by the jury to determine whether the defendant formed the specific intent necessary for the commission of the crime. Hall, Intoxication and Criminal Responsibility, 57 Harv.L.Rev. 1045 (1944). This doctrine (which was not available for general intent crimes) became the general rule. A minority of jurisdictions, however, refuse to employ it except in certain limited situations. See e.g., *McDaniel v. State*, 356 So.2d 1151 (Miss.1978); *State v. Shipman*, 354 Mo. 265, 189 S.W.2d 273 (1945); *State v. Stasio*, 78 N.J. 467, 396 A.2d 1129 (1979); *Forbes v. State*, 143 Tex.Cr.R. 180, 157 S.W.2d 900 (1942).

In the past, Arizona subscribed to the general rule. The new criminal code, however, has no provision for the characterization of crimes as offenses requiring specific or general intent. Rather, the myriad mentes reae are replaced by four culpable mental states: intentionally, knowingly, recklessly and with criminal negligence. Arizona Code Commission Report, Commentary to § 201; see A.R.S. § 13–105. Only

"intentionally" may be disproved by the defendant's intoxication. A.R.S. § 13–503.

By analogy to the common law exculpatory rule, the mental state of "knowingly" should probably be included in A.R.S. § 13–503 to reach a more logical result. The majority argues that the better-reasoned approach would include "knowingly" with § 503. But a statute is not constitutionally infirm merely because it has not adopted what the majority considers the better-reasoned rule. A due process violation will be shown if A.R.S. § 13–503 relieves the state from its burden of proving every element of the crime charged. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

Although the state cannot shift its burden to the defendant by means of a legal presumption in the state's favor, it can regulate procedures for the administration of its laws. Compare *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), with *Patterson v. New York*, supra, and *Leland v. Oregon*, supra. See *State v. Gretzler*, 126 Ariz. 60, 612 P.2d 1023 (1980). In the case at bench, the state was aided by no presumptions; it was charged with the burden of proving every element of the offense—including the mental state "knowingly"—beyond a reasonable doubt.[2] The question here, then, is whether the state may deprive the defendant of the opportunity to use evidence that might be relevant to his lack of knowledge. Is there something about voluntary drunkenness that justifies the legislature's decision to prohibit its use as a defense to criminal conduct? I believe there is.

There is a deep-rooted belief in our society that drunkenness should not excuse crime and that the law should not allow a

---

1. At the outset, it should be made clear that this case does not involve intoxication that prevents the defendant from performing a voluntary act. If the defendant were so intoxicated that he could not have performed a voluntary act, he would be allowed to present evidence of his drunkenness to defend against the actus reus of the charge. A.R.S. § 13–503; *State v. Stasio*, 78 N.J. 467, 396 A.2d 1129 (1979). We are investigating only the constitutionality of

excluding evidence of intoxication to disprove a state of mind.

2. The court gave standard instructions 1, 2, 3 and 5 and standard criminal instructions 1, 6, 8, 9, 10 and 12 of the Recommended Arizona Jury Instructions. In addition, the court gave the following instruction requested by the prosecution:

person "to avail himself of the excuse of his own gross vice and misconduct to shield himself from the legal consequences of such crime." *Hall,* supra, at 1047, quoting Story. In *State v. Stasio,* supra, the court stated that allowing evidence of intoxication to negate specific intent:

"... undermines the criminal law's primary function of protecting society from the results of behavior that endangers the public safety. This should be our guide rather than concern with logical consistency in terms of any single theory of culpability, particularly in view of the fact that alcohol is significantly involved in a substantial number of offenses. The demands of public safety and the harm done are identical irrespective of the offender's reduced ability to restrain himself due to his drinking. '[I]f a person casts off the restraints of reason and consciousness by a voluntary act, no wrong is done to him if he is held accountable for any crime which he may commit in that condition. Society is entitled to this protection.'" (citation omitted) 396 A.2d at 1134.

The exclusion of relevant evidence is not a "shocking" phenomenon; it is a decision made for reasons of policy. For example, in *State ex rel. Pope,* 113 Ariz. 22, 545 P.2d 946 (1976), our supreme court recognized the danger of introducing evidence of a rape victim's previous unchastity; such evidence is therefore excluded, even though it would be relevant. See also, *State v. Grice,* 123 Ariz. 66, 597 P.2d 548 (App.1979).

For the reasons stated above, I believe there are good considerations of policy to exclude evidence of voluntary intoxication, even if this evidence would be relevant. Furthermore, I do not concede that intoxication is relevant to disprove the mental

state of "knowingly." The majority has assumed the relevance of this evidence, but such has not been proved by empirical study. As was pointed out in *State v. Stasio,* supra, the empirical data shows that even grossly drunk persons are probably aware of what they are doing. The action of the majority of this court, which in effect takes judicial notice of the (unproved) results of intoxication, is inappropriate, especially when the legislature has already spoken.

Finally, I believe this question is similar to the issue of the constitutionality of the *M'Naghten* Rule as the only test of sanity. In Arizona, a defendant is not relieved of criminal responsibility because of insanity unless he did not know the nature and quality of his act or did not know that his act was wrong. A.R.S. § 13–502; *State v. Christensen,* 129 Ariz. 32, 628 P.2d 580 (1981). There is no insanity defense based on irresistible impulse or diminished responsibility. Even though evidence of these conditions could be probative of the defendant's state of mind, he is not entitled to an instruction on this proof. In *Leland v. Oregon,* supra, the supreme court refused to hold that the defendant's right to due process of law was violated by the state's adoption of the *M'Naghten* test.

"[The] choice of a test of legal sanity involves not only scientific knowledge but questions of basic policy as to the extent to which that knowledge should determine criminal responsibility. This whole problem has evoked wide disagreement among those who have studied it. In these circumstances it is clear that adoption of the irresistible impulse test is not 'implicit in the concept of ordered liberty.'" 343 U.S. at 801, 72 S.Ct. at 1008.

"The crime of theft of property of a value more than $1,000 requires proof of the following 3 things:
1. The defendant knowingly controlled another person's property; and
2. The defendant knew or had reason to know that the property was stolen.
3. That the FMV of the property was more than $1,000.00. 'Control' means to act so as to exclude others from using their property except on the defendant's own terms.

'Knowingly' means that a person was aware of his conduct or knew what he was doing, as opposed to doing something by accident or mistakenly."
The following instruction was rejected by the court:
"Possession of recently stolen property permits a conclusion that the person in possession was aware of the risk that it had been stolen."

See *Fisher v. United States*, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382, 1383 (1946) (irresistible impulse and diminished capacity). I see no difference between the prohibition of evidence of intoxication to disprove a culpable mental state and the prohibition of evidence of mental impairment not amounting to insanity to disprove the same thing.