NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

ROY LEE DODD, III,
*Appellant*.

No. 1 CA-CR 18-0433
FILED 7-11-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-109145-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**J O H N S E N**, Judge:

**¶1**         Roy Lee Dodd, III appeals his conviction and sentence for possession of narcotic drugs, a Class 4 felony.  He argues the Arizona Medical Marijuana Act ("AMMA") implicitly repealed the criminal code's distinction between marijuana and cannabis, so that he could not be convicted of possession of narcotic drugs when he possessed cannabis.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Dodd dropped a crumpled piece of paper containing cannabis as police were arresting him on an unrelated warrant.  A grand jury then indicted him on a charge of possession of a narcotic drug in violation of Arizona Revised Statutes ("A.R.S.") section 13-3408 (2019).[1]

**¶3**         Dodd moved to dismiss the indictment, arguing the AMMA implicitly repealed the criminal code's classification of cannabis as a narcotic drug.  The superior court denied Dodd's motion, a jury found him guilty and the court sentenced him as a repetitive offender to 10 years' imprisonment.  We have jurisdiction over Dodd's appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

## DISCUSSION

**¶4**         Dodd does not have a medical-marijuana card and does not claim immunity under the AMMA.  Instead, he argues that because the AMMA does not distinguish between marijuana and cannabis, that statute implicitly repealed the distinction the criminal code draws between the two.  His argument presents a question of statutory interpretation, which

---

[1]         Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

this court reviews *de novo*.  *See Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, 122, ¶ 6 (2015).

**¶5**        "[I]mplicit repeal of statutes is not favored."  *UNUM Life Ins. Co. of Am. v. Craig*, 200 Ariz. 327, 333, ¶ 28 (2001).  "Rather, when two statutes appear to conflict, whenever possible, we adopt a construction that reconciles one with the other, giving force and meaning to all statutes involved."  *Id.*  But if "by reason of repugnancy, or inconsistency, . . . two conflicting statutes cannot operate contemporaneously," the more recent statute governs.  *Id.* at ¶ 29.

**¶6**        In *Craig*, two persons – a named insured and a named beneficiary under a life insurance policy – were in a car that crashed; both perished, but the insured died before the named beneficiary.  200 Ariz. at 328, ¶¶ 2-3.  As the supreme court noted, two statutes governed "distribution of insurance proceeds upon simultaneous or near-simultaneous deaths."  *Id.* at 333, ¶ 29.  Under one statute, enacted in 1954, the proceeds of the policy would be payable to a named beneficiary who survived the named insured, even if only by a moment.  Under the other statute, enacted in 1994, the named beneficiary would have to survive the insured by at least 120 hours.  *See id.* at 330, 332-33, ¶¶ 15, 17, 23, 29 (addressing then-current versions of A.R.S. §§ 20-1127 and 14-2702).  After reviewing the statutory history of each provision, the court concluded the statutes could not be harmonized and held that the more recent statute governed.  *Id.* at 333, ¶ 29.

**¶7**        Turning to the statutes at issue here, the criminal code defines marijuana and cannabis separately:

> "Cannabis" means the following substances under whatever names they may be designated:
>
> (a) The resin extracted from any part of a plant of the genus cannabis, and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds or its resin. . . .
>
> (b) Every compound, manufacture, salt, derivative, mixture or preparation of such resin or tetrahydrocannabinol.
>
> *         *         *
>
> "Marijuana" means all parts of any plant of the genus cannabis, from which the resin has not been extracted.

A.R.S. § 13-3401(4), (19) (2019). *See also State v. Bollander*, 110 Ariz. 84, 87 (1973) (recognizing that under the criminal code, marijuana's leaf and flower are distinct from its resin). Possession of less than two pounds of marijuana not for sale is a Class 6 felony. A.R.S. § 13-3405(B)(1) (2019). But cannabis is defined as a "narcotic drug" the possession of which is a Class 4 felony. A.R.S. §§ 13-3401(20)(w), -3408(B)(1).

¶8 The starting point of Dodd's argument about implicit repeal is his assertion that the AMMA immunizes a cardholder's use of cannabis, even though the statute did not define cannabis. In *State v. Jones*, 246 Ariz. 452, 457, ¶ 19 (2019), our supreme court agreed that the AMMA's definition of marijuana includes cannabis. Accordingly, under the AMMA, registered cardholders who comply with the act may claim immunity from prosecution for possession of marijuana or cannabis. *Id.* at 454-55, 457, ¶¶ 5, 7, 19.

¶9 But Dodd's argument falters because he cannot show that the AMMA is inconsistent with the criminal code's distinct treatment of possession of marijuana and possession of cannabis. To the contrary, and unlike the statutes in *Craig*, the statutes here operate in parallel without any conflict. Nothing in the AMMA states that its definitions are intended to apply to any other chapter; the definition section of the AMMA states that it is intended to apply only "[i]n this chapter," *see* A.R.S. § 36-2801 (2019), and the same is true for the definition section of the criminal code, A.R.S. § 13-3401. For that reason, the AMMA's like treatment of possession of marijuana and possession of cannabis does not alter, interfere with or impede the criminal code's dissimilar treatment of possession of the two drugs. As the State contends, "[o]utside the immunities granted by the AMMA, the use of marijuana and cannabis remains illegal." Put simply, the AMMA governs whether and how a registered cardholder may be prosecuted for possession of cannabis but has nothing to say about how a non-cardholder may be prosecuted for possession of cannabis.

¶10 Dodd argues that a cardholder who possesses more cannabis than the AMMA allows would face a different punishment than a cardholder who possesses more marijuana than the AMMA allows. But because Dodd does not suggest he has a medical-marijuana card, the distinction is irrelevant to him. In any event, the legislature has the power to decide to punish illegal possession of one drug more severely than another. *See State v. Floyd*, 120 Ariz. 358, 360 (App. 1978).

## CONCLUSION

¶11      For the foregoing reasons, we affirm Dodd's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA