NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERNESTO R. LOPEZ-CLEMENTE, *Appellant.*

No. 1 CA-CR 18-0498
FILED 7-25-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2016-132401-001
The Honorable Annielaurie Van Wie, *Judge Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B.N. Garcia
*Counsel for Appellee*

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Diane M. Johnsen joined.

**C A M P B E L L**, Judge:

¶1  Ernesto Lopez-Clemente argues that insufficient evidence supports the jury's guilty verdicts on four counts of aggravated driving or actual physical control while under the influence of intoxicating liquor and one count of possession or use of narcotic drugs. This court will reverse a conviction if it is not supported by substantial evidence of guilt. *State v. Ellison*, 213 Ariz. 116, 133-34, ¶ 65 (2006). Because the evidence supports Lopez-Clemente's convictions, we affirm.

## BACKGROUND[1]

¶2  Late one evening, a man watching TV in his house heard a loud bang outside. The noise so alarmed him that he ran out his front door, grabbing his phone in case he needed to call for help. He was shocked to find a tan Silverado pickup truck sitting partially in his yard and partially on his neighbor's driveway. The front left tire had struck a cable box. The man observed the driver back the car up slowly and drive away. He then called 911. He could not see the truck's license plate number, but he observed the truck drive away, making a "flub flub" sound, which appeared to be emanating from a flat tire.

¶3  As the man stood outside, still talking to the police dispatcher, he saw the truck turn onto a side street, but it soon reemerged, heading back toward the man's home. The truck stopped in the middle of the road for a short time, then continued moving in and out of the man's view around the neighborhood, swerving between lanes and crossing the middle yellow line. Finally, the truck stopped four or five houses away from the man's home. Police responded within 15 minutes and found the truck parked at an angle, with half of the truck on the street and the other half on the curb.

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict. *State v. Boyston*, 231 Ariz. 539, 542, ¶ 2 n.2 (2013).

The truck's engine was still running, and Lopez-Clemente sat in the driver's seat with the door hanging open. The front left tire was flat.

¶4 Following police commands, Lopez-Clemente exited the vehicle, but had to catch himself from falling. Police smelled a strong odor of alcohol on his breath. On the driver's seat, police found a small bag containing a white substance. They found another bag containing a white substance on the floor near the center console. Tests revealed the substances to be cocaine. Lopez-Clemente told police that he became lost trying to return to his home and that he had consumed too much beer. Police drew Lopez-Clemente's blood, and a test confirmed his blood-alcohol content was 0.187, well above the legal limit.

¶5 After trial, a jury found Lopez-Clemente guilty of four counts of aggravated driving or actual physical control while under the influence of intoxicating liquors and one count of possession or use of narcotic drugs. He was sentenced to prison.

## DISCUSSION

¶6 We review de novo the denial of a motion for judgment of acquittal. *State v. Goudeau*, 239 Ariz. 421, 461, ¶ 168 (2016). "After the close of evidence on either side . . . the court must enter a judgment of acquittal . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence is direct or circumstantial evidence that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990) (citation omitted).

¶7 Lopez-Clemente first argues that insufficient evidence supports that he drove or physically controlled the truck. "It is unlawful for a person to drive or be in actual physical control of a vehicle" while under the influence of intoxicating liquor to the slightest degree. Ariz. Rev. Stat. ("A.R.S.") § 28-1381(A)(1). "[D]riving entails some motion of the vehicle in which the offender is apprehended." *State v. Zavala*, 136 Ariz. 356, 358 (1983). Whether a person has actual physical control of a vehicle depends on the totality of the circumstances, requiring the jury to weigh factors such as whether the vehicle was running, where and in what position the defendant was found in the vehicle, whether the defendant was awake or asleep, and where the vehicle was stopped. *State v. Zaragoza*, 221 Ariz. 49, 54, ¶ 21 (2009).

¶8 Ample evidence allowed the jury to infer that Lopez-Clemente both drove and was in control of the truck. Arizona law makes

no distinction between the weight assigned to direct and circumstantial evidence. *State v. Green*, 111 Ariz. 444, 446 (1975) ("A conviction may be sustained on circumstantial evidence alone."); *State v. Harvill*, 106 Ariz. 386, 391 (1970). A witness testified that he saw a young man driving a tan truck with a flat front tire. Although the truck came in and out of the witness's view, he watched the truck move around his neighborhood until it came to a stop a few houses down the road. At that same location, police found Lopez-Clemente sitting in the driver's seat of the truck with a flat tire. The truck's engine was running, and the vehicle was stopped at an angle, halfway on the sidewalk. A reasonable juror could accept this as substantial evidence to show that Lopez-Clemente drove and was in control of the truck.

¶9        Lopez-Clemente also argues that the state presented insufficient evidence to show that he possessed the baggies of cocaine found in the truck. A person possesses a narcotic drug when he "knowingly [has] physical possession or otherwise [exercises] dominion or control" over the drug. A.R.S. § 13-105(34). Possession may be actual or constructive. *State v. Villavicencio*, 108 Ariz. 518, 520 (1972). Constructive possession exists when contraband "is found . . . under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of [its] existence." *State v. Cox*, 214 Ariz. 518, 520, ¶ 10 (App. 2007) (citation omitted).

¶10        An officer testified that police found two bags of cocaine near where Lopez-Clemente sat in the truck: one in the driver's seat and the other on the floor near the center console. A jury could properly infer that Lopez-Clemente, the sole occupant of the truck, was in possession of narcotic drugs that were in plain sight and within reach of the driver's seat. *See State v. Floyd*, 120 Ariz. 358, 362-63 (App. 1978) (finding sufficient evidence of possession when contraband was found on a motorcycle driven by the defendant in a location that would have been nearly impossible to overlook). Accordingly, the court properly denied Lopez-Clemente's motion for acquittal.

## CONCLUSION

¶11 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA